THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOSEPH LOMBARDI, SALVATORE BARONE and PAUL BEVACQUA, Respondents.

Second Department, March 19, 1963.

*Edward S. Silver*, District Attorney (*David Diamond* of counsel), for appellant.

*Joseph Fontana* for Joseph Lombardi, respondent.

*Joseph R. Evseroff* for Salvatore Barone, respondent.

*Albert C. Aronne* for Paul Bevacqua, respondent.

*Per Curiam.* The defendants were jointly indicted for the crimes of robbery and grand larceny, both in the first degree, and assault in the second degree. Claiming that evidence against them had been obtained as the result of an unreasonable search and seizure, they moved for an order suppressing such evidence (Code Crim. Pro., § 813-c). After a hearing the court below granted the motion. The People appeal, having filed the requisite statement to the effect that the deprivation of the use of the evidence has effectively destroyed any reasonable possibility of prosecuting to a conviction, the charges against the defendants (Code Crim. Pro., § 518, subd. 6; § 518-a).

At the hearing the defendants produced one Robert Eagel, who testified that he had been held up and robbed by three men in his jewelry store. He had given the police a description of the robbers, but at the Felony Court he had been unable to identify the defendants with absolute certainty. On cross-

examination by the prosecutor, he testified that between the time of the robbery and the time of his testimony in Felony Court he had injured his head in an automobile accident, and that his recollection had thus been adversely affected. The court refused to permit him to testify: (1) that his memory was clearer when he gave the information to the police than at the time of his testimony; (2) that he had identified the defendants in a line-up; (3) that he believed, though he was not certain, that he had seen one of the defendants in his store prior to the robbery; and (4) that he had informed an Assistant District Attorney that one of the defendants had robbed him two and a half months prior to the present robbery.

The defendants also called one of the two arresting officers, who testified that he (and his fellow officer) had been cruising in a patrol car and had received a radio alarm concerning the robbery at Eagel's store, giving a description of three men. Shortly thereafter, the officer saw the defendants riding in an automobile ahead of his patrol car. The coats worn by two of the defendants matched the description broadcast over the radio. The officers followed the defendants' automobile into a parking lot where the defendants' automobile stopped. The two officers approached the automobile on foot. Referring to the defendant Barone, the witness testified: '' Right there he more or less said to me, ' What's the matter? Are we illegally parked?' I said, ' No, sir.' Then my partner, Buccola, who had come up to the defendant, said, ' Where is the jewelry?' So Barone got out of the car. The door was open and we saw jewelry lying on the floor of the car.'' The defendants were arrested and the jewelry seized.

The People thereafter produced both the police officer who had interviewed Eagel after the robbery and had obtained the description of the robbers, and the second arresting officer, who testified to the circumstances of the arrest. The defendants did not testify.

The court rendered no opinion in granting the motion to suppress. From comments made by the court during the hearing, however, we may surmise that the court doubted the identification made by Eagel, and did not believe that the arresting officers could observe the clothing of the defendants in a moving automobile, thus undermining the credibility of the testimony concerning the arrest. But absent an opinion or findings, we cannot say with any certainty upon what basis the court's determination was made.

The sole issue raised by the motion to suppress was whether the search and seizure were executed in accordance with the

mandate of the law. Search and seizure do not transgress constitutional safeguards if made incident to a lawful arrest (*People* v. *Loria,* 10 N Y 2d 368, 373; *People* v. *Caliente,* 12 N Y 2d 89, 93, 94); and we test the legality of the arrest by State law (*United States* v. *Di Re,* 332 U. S. 581, 589). Here a felony had been committed; and the arrest, made without a warrant, accorded with the law if the arresting officers had reasonable cause to believe that the defendants had committed the felony (Code Crim. Pro., § 177, subd. 3). Our inquiry is accordingly narrowed to the question of reasonable cause on the part of the arresting officers to believe that the defendants were the three men who had committed the robbery in Eagel's store.

Reasonable cause in this context is equated with "probable cause," as that term is used in the Fourth Amendment (*Draper* v. *United States,* 358 U. S. 307, 310). It has been interpreted to mean such reasonably trustworthy information as would warrant a man of reasonable caution to believe that the defendants were guilty of the commission of crime (*Carroll* v. *United States,* 267 U. S. 132, 162). It is not a mechanical standard of legal proof, applied with the rigidity and nicety of a highly specialized technique. "In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act" (*Brinegar* v. *United States,* 338 U. S. 160, 175).

In reviewing this record, we are met with the difficulty that the grounds for the suppression of the evidence are not disclosed either by findings or in an opinion. The granting or denial of a motion to suppress evidence is a crucial step in a criminal prosecution: it may often spell the difference between conviction or acquittal, for the evidence seized may constitute the principal, if not the only, means of establishing the defendant's guilt. Hence, in the determination of a motion to suppress evidence, we hold that the court is required to state, either by findings or in an opinion, the facts upon which it relies in granting or denying the motion.

We are compelled, therefore, by reason of the court's omission in this regard, to reverse the order below and to remit the matter for further proceedings. Under the circumstances here, a new hearing must be held.

Since the motion to suppress is relatively novel in our practice, having its origin as a result of *Mapp* v. *Ohio* (367 U. S. 643), we think it appropriate to delineate the procedure which should

be pursued in the consideration of such a motion. Here we may be guided by the Federal practice under rule 41(e) of the Federal Rules of Criminal Procedure, the counterpart to our own statute (Code Crim. Pro., § 813-c). Ordinarily, the burden of proof rests on the defendant to sustain the claim of illegal search and seizure upon a motion to suppress (*Nardone* v. *United States,* 308 U. S. 338; *United States* v. *O'Leary,* 201 F. Supp. 926, 928).* In demonstrating reasonable cause, the prosecution is not required to supply evidence of guilt to the degree required at trial (*Henry* v. *United States,* 361 U. S. 98, 102; *Carlo* v. *United States,* 286 F. 2d 841, 848 [2d Cir.]). If the arrest is lawful, visible instruments or the fruits of the crime may be seized at the scene of the arrest (*Carroll* v. *United States, supra,* 267 U. S. 132, 158; *United States* v. *Lefkowitz,* 285 U. S. 452, 465–466; *Carlo* v. *United States,* 286 F. 2d 841, 847, *supra*). A search of an automobile may at times be justified by the belief '' reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure or destruction '' (*Carroll* v. *United States,* 267 U. S. 132, 149, *supra*; cf. *People* v. *Daily,* 157 Cal. App. 2d 649).

Hence, we think that (upon the hearing which preceded the order appealed from) the court below erroneously excluded evidence tending to show the identification of the defendants by Eagel. The present inability of Eagel to identify the defendants, though it may be relevant and of moment at the trial, should not have been emphasized out of all proportion in determining the issue of whether the arresting officers, at the time they made the search and seizure, had reasonable cause so to do. Moreover, the prosecution should not have been prevented from showing that one of the defendants, prior to arrest, had made certain statements about the jewelry.

In short, a full and complete hearing should be held, in which both the prosecution and the defendants may be permitted to introduce all the facts and circumstances relating to the arrest and the seizure — to develop '' the total atmosphere of the case '' (cf. *United States* v. *Rabinowitz,* 339 U. S. 56, 66).

Accordingly, the order below should be reversed on the law, and the matter should be remitted to the Criminal Term of the Supreme Court, Kings County, for further proceedings in

---

*An exception to this rule exists when the prosecution contends that the search was made following consent or waiver by the defendant (*Channel* v. *United States,* 285 F. 2d 217, 219–220 [9th Cir.]; *United States* v. *Rutheiser,* 203 F. Supp. 891, 892); the burden of proof of such consent or waiver lies on the prosecution.

accordance with this opinion. No questions of fact were considered.

BELDOCK, P. J., UGHETTA, BRENNAN, HILL and HOPKINS, JJ., concur.

Order reversed on the law, and matter remitted to the Criminal Term of the Supreme Court, Kings County, for further proceedings in accordance with the opinion of this court. No questions of fact were considered.