■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL DOBBS, Appellant.—Judgment unanimously affirmed. Memorandum: The record at the suppression hearing supports the court's finding that the police had probable cause to arrest defendant without the necessity of a warrant. Thus, defendant's motion to suppress was properly denied (CPL 140.10 [1] [b]; *People v Lombardi*, 18 AD2d 177, *affd* 13 NY2d 1014).

We find no merit to defendant's contention that the pretrial identification procedure was unduly suggestive *(see, People v Love*, 57 NY2d 1023, 1024; *People v Brnja*, 50 NY2d 366, 372; *People v Smith*, 38 NY2d 882; *People v Blake*, 35 NY2d 331, 336-337; *People v Smith*, 109 AD2d 1096, 1097-1098; *People v Johnson*, 102 AD2d 616, 627). From our review of the record, the evidence, although circumstantial, was legally sufficient to convict defendant of all charges. (Appeal from judgment of Niagara County Court, Hannigan, J.—burglary, third degree, and other offenses.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.

■ JACK D. LIFFITON et al., Appellants, v ANTHONY SANTIAGO et al., Respondents.—Order unanimously reversed on the law without costs and motion denied. Memorandum: Special Term erred in granting summary judgment to defendant. Plaintiff seeks rescission of an agreement to sell corporate stock to the defendant. Plaintiff has alleged that he owned the stock in question and that he sold it to the defendant under duress because defendant threatened him with criminal prosecution. He also alleged that at the time of the stock transfer for $500, the equity in the corporation exceeded $600,000. The affidavit submitted in response to the motion was sufficient to require a trial of material questions of fact *(see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Gravenhorst v Zimmerman*, 236 NY 22, 36-39). (Appeal from order of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.