■ FRANK ROMEO, Appellant, v COUNTY OF ONEIDA et al., Respondents.—Order and judgment unanimously affirmed without costs. Memorandum: In this action for false arrest, false imprisonment, and malicious prosecution, the court properly granted the motions of the city defendants (the arresting authorities) and the county defendants (the prosecuting authorities) for a directed verdict dismissing the complaint. Plaintiff attempts to recover for his arrest and initial confinement pursuant to a warrant, and also for the continuation of his confinement and of the criminal prosecution following a lineup at which the victims were unable to identify him. There is no basis for recovery against these defendants.

The record establishes that there was probable cause for plaintiff's arrest, his initial confinement, and the commencement of criminal charges against him. The arrest warrant was based on a felony complaint and on the supporting depositions of two witnesses who positively identified plaintiff as the individual who had robbed them on two occasions. The arrest and confinement were therefore privileged and there was probable cause for commencement of the criminal proceeding against plaintiff (*Broughton v State of New York*, 37 NY2d 451, 456-458, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929).

With respect to plaintiff's claim that the city and county were liable for continuation of his confinement and the criminal proceeding following the lineup, the police have no power to release a suspect who is confined and charged pursuant to lawful process. Moreover, the investigating officer, the complainant in the criminal proceeding, informed an Assistant District Attorney that the witnesses had not identified plaintiff in the lineup. The city could be held liable in these circumstances only if it were shown that the police officer made false statements or failed to make a complete statement of the facts to the District Attorney (*Hopkinson v Lehigh Val. R. R. Co.*, 249 NY 296, 300; *Boose v City of Rochester*, 71 AD2d 59, 69; *see generally*, 59 NY Jur 2d, False Imprisonment and Malicious Prosecution, §§ 26, 59). Thus, the complaint was properly dismissed against the city.

Similarly, the county cannot be held liable for the District Attorney's failure to seek plaintiff's release or dismissal of the charges because of the court's failure promptly to hold a preliminary hearing. The proof establishes that the delay in conducting a preliminary hearing was the result of a court order and that the District Attorney's office played no part in the court's determination. Moreover, the applicable statute (CPL 180.80) places the burden on the criminal defendant to move for release in these circumstances and does not provide for dismissal of the charges. Finally, plaintiff's attorney failed to request either defendant's release or dismissal on the record and plaintiff consented to the three-week delay in holding a preliminary hearing. In these circumstances, the county cannot be held liable for plaintiff's confinement or continuation of criminal charges against him. (Appeal from order and judgment of Supreme Court, Oneida County, Shaheen, J.—false arrest.) Present—Dillon, P. J., Callahan, Denman and Pine, JJ.