Robert COLLOM, Plaintiff,

v.

INCORPORATED VILLAGE OF FREE-
PORT, NEW YORK, a municipality
within the State of New York; Joseph
P. Stevens, Shield No. 162, individually
and as an officer of the Police Depart-
ment of the Incorporated Village of
Freeport, New York; Mark Wittich, in-
dividually and as an officer of the Po-
lice Department of the Incorporated
Village of Freeport, New York; Daniel
Coppola, Shield No. 103, individually
and as a detective of the Police Depart-
ment of the Incorporated Village of
Freeport, New York; Gregory B. Turn-
er, Shield No. 104, individually and as a
detective of the Police Department of
the Incorporated Village of Freeport,
New York; Claude F. Tristram, Shield
No. 105, individually and as a detective
of the Police Department of the Incor-
porated Village of Freeport, New York;
Joseph W. King, Jr., individually and as
a lieutenant of the Police Department
of the Incorporated Village of Freeport;
New York; Mary Jane Regan; James
Regan; Virginia Lockyer; Daniel Plot-
nick; Andrew Plotnick and the County
of Nassau, a municipality within the
State of New York, Defendants.

No. 86 C 2872.

United States District Court,
E.D. New York.

Aug. 17, 1988.

Arthur V. Graseck, Jr., Port Washington, N.Y., for plaintiff.

Montfort, Healy, McGuire & Salley (Michael A. Baranowicz, of counsel), Mineola, N.Y., for defendants The Incorporated Village of Freeport, Joseph P. Stevens, Mark Wittich, Daniel Coppola, Gregory G. Turner, Claude F. Tristram, Joseph W. King, Jr.

Schulman & Laifer (Michael A. O'Connor, of counsel), Brooklyn, N.Y., for defendants Mary Jane Regan, James Regan, Virginia Lockyer, Daniel Plotnick, Andrew Plotnick.

Edward T. O'Brien, Co. Atty. of Nassau County (Carnell T. Foskey, Deputy Co. Atty., of counsel), Mineola, N.Y., for defendant County of Nassau.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

This action arises from an eviction dispute followed by the arrest and prosecution of plaintiff Robert Collom. He states numerous federal, constitutional claims under 42 U.S.C. § 1983 as well as pendent state claims against 13 defendants: the Incorporated Village of Freeport, New York (Freeport), six of its police officers (Officers), five persons involved in the eviction dispute, and the County of Nassau, New York. Freeport and the Officers move for summary judgment on all the claims against them.

### I. Facts

The complaint alleges that plaintiff resided from January 1984 through August 31, 1985 in a house at 18 Porterfield Place in Freeport, New York, owned by defendant Virginia Lockyer. These parties had a month-to-month oral lease. Lockyer informed plaintiff on August 1, 1985 that the house had been sold and that he was to vacate it by September 5, 1985. Plaintiff further alleges that defendant Mary Jane Regan ordered him out on August 26, 1985.

The complaint states that on August 31, 1985 defendant Daniel Plotnick entered plaintiff's apartment without permission and assumed a menacing posture. Eventually Plotnick was joined by the other private defendants except for Lockyer. Plaintiff claims he banged a stick on a bannister to signal his displeasure with Plotnick's presence. Movants, relying on statements and sworn depositions from Plotnick and defendant Mary Jane Regan, contend that plaintiff swung at Plotnick's head, just missing or grazing it.

Shortly thereafter, officers Joseph Stevens and Mark Wittich of Freeport's police force arrived and entered the apartment at

the invitation of plaintiff. The officers conversed with the disputants in separate conversations. Mary Jane Regan and Daniel Plotnick told them that they had come for items belonging to them that were stored on the premises and that plaintiff had swung at Plotnick's head. In a separate conversation, plaintiff says he told the officers that he merely banged the stick on the bannister and that Plotnick, who had come to steal plaintiff's belongings, was the aggressor. The officers claim and wrote in their reports that plaintiff admitted he swung the stick at Plotnick's head.

Officer Stevens told plaintiff that Plotnick and Regan had come for their property. Plaintiff consented to the removal of several items not belonging to him. Plaintiff objected when Plotnick began to remove plaintiff's bed and fan, and Plotnick desisted. Though the complaint alleges that some of plaintiff's property was removed in the presence of the officers, his sworn testimony at the notice of claim hearing does not make this contention.

Subsequently, as alleged by plaintiff, Officer Stevens said that the home owner had a warrant for plaintiff's eviction. When plaintiff asked to see the warrant, Stevens threatened to arrest him. Stevens denies making these statements. Later that evening, Plotnick vacated the apartment though he left certain bulky items.

On September 3, 1985, Mary Jane Regan and Daniel Plotnick each filed with the Nassau County District Attorney a criminal complaint accompanied by a sworn deposition stating that plaintiff had swung a stick at Plotnick's head. The following day, while plaintiff was retrieving items at the apartment, defendants Gregory Turner and Daniel Coppola, both detectives with the Freeport police, approached plaintiff in the driveway. After a discussion, plaintiff accompanied the officers to the station where further discussion was held. Turner claims, and plaintiff denies, that he again admitted to swinging the stick at Plotnick's head. Plaintiff claims he was placed under arrest. The officers say that plaintiff accompanied them to the station voluntarily.

On September 10, 1985, plaintiff phoned the Freeport police and was informed by Detective Turner that he would be placed under arrest. Plaintiff went to the station, was arrested on a charge of second-degree attempted assault, given an appearance ticket, and released. According to movants, it was thereafter realized that the charge was a felony requiring that plaintiff be arraigned and post bond. Later that day, Detective Turner, in the company of defendant Detective Claude Tristram, went to the home of plaintiff's son where plaintiff was staying and placed him under arrest. Plaintiff was returned to the police station, placed in handcuffs and transferred to the Nassau County Detention Facility where he was incarcerated overnight. He was arraigned the next day and released that evening.

The Nassau County District Attorney's office reduced the felony charge to misdemeanors of (1) criminal mischief, (2) reckless endangerment, (3) possession of a weapon, and (4) third degree attempted assault. The case was tried in Nassau County District Court in May 1987. The court dismissed the mischief charge, and the jury acquitted plaintiff on the remaining charges.

## II. Analysis

The complaint contains legal claims too numerous to detail. In substance, plaintiff seeks damages for (1) wrongful arrests, once on September 4, 1985 and twice on September 10, 1985, (2) wrongful prosecution and, with respect to the conduct of officers Wittich and Stevens on August 31, 1985, (3) assault, (4) intentional infliction of emotional distress and (5) wrongful eviction.

### A. Wrongful Arrest

▮ Plaintiff claims he was arrested three times, once on September 4, 1985 and twice on September 10, 1985, all without probable cause. Because the court concludes that there was probable cause to arrest plaintiff, movants' argument that no arrest occurred on September 4 need not be addressed.

Federal and New York law do not differ in their requirement that an arrest be supported by probable cause. *Raysor v. Port Authority*, 768 F.2d 34, 39–40 (2d Cir.1985), *cert. denied*, 475 U.S. 1027, 106 S.Ct. 1227, 89 L.Ed.2d 337 (1986). Because the alleged arrests were warrantless, defendants bear the burden of this showing by a preponderance of the evidence. *Id.* Probable cause exists where an officer believes reasonably and in good faith that a suspect committed a crime. *See, e.g., Smith v. County of Nassau*, 34 N.Y.2d 18, 24–25, 355 N.Y.S.2d 349, 311 N.E.2d 489 (1974). "In many cases where the victim has made a 'positive' identification, the circumstances may be such as to warrant a court's finding reasonable cause as a matter of law." *Id.* at 25, 355 N.Y.S.2d 349, 311 N.E.2d 489.

■ Prior to the arrests alleged here, Mary Jane Regan and Daniel Plotnick filed complaints with sworn supporting depositions stating that plaintiff had swung a bat at Plotnick's head. Ordinarily, sworn complaints alleging the elements of a crime, *see* New York Penal Law § 120.05, warrant a court's concluding as a matter of law that an arrest based thereon was supported by probable cause. *See, e.g., Romeo v. County of Oneida*, 135 A.D.2d 1099, 523 N.Y.S.2d 318, 319 (4th Dep't 1987).

On the other hand, where the evidence is conflicting such that reasonable persons might draw differing inferences, then the question of probable cause is ordinarily for the jury to decide. *See, e.g., Veras v. Truth Verification Corp.*, 87 A.D.2d 381, 451 N.Y.S.2d 761, 764 (1st Dep't), *aff'd*, 57 N.Y.2d 947, 457 N.Y.S.2d 241, 443 N.E.2d 489 (1982). In this case, the court assumes the truth of plaintiff's allegation that he told the officers that Plotnick was the aggressor and that he merely rapped the stick on the bannister.

■ The court is unaware of any controlling civil cases in New York or the Second Circuit addressing the situation herein where there is a "swearing contest" between disputants as to the events that have transpired. It is fair to say that police officers frequently encounter this scenario following street fights and the like. In the court's view, the existence of competing accounts cannot of itself render the issue of probable cause a jury question. In these cases, the question is not whether a given account contains the necessary quantum of evidence to support an arrest, but which account is to be believed. If the mere existence of a "swearing contest" permitted a jury to reexamine an officer's decision, law enforcement officials would be discouraged from taking any action at all. This would frustrate the public's expectation that the laws are being enforced. The court concludes that under these circumstances a litigant must pursue his remedy, not against the officers, but against those persons alleged to have deceived the officers. *See Rosario v. Amalgamated Ladies' Garment Cutters' Union*, 605 F.2d 1228 (2d Cir.1979) (recognizing civil liability of one who wrongly procures the arrest of another), *cert. denied*, 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980).

### B. Malicious Prosecution

■ Under both federal and state law, the elements of a malicious prosecution claim are: (1) defendant commenced or continued a criminal proceeding against plaintiff; (2) the proceeding terminated in plaintiff's favor; (3) there was no probable cause for the criminal proceeding; and (4) defendant initiated the criminal proceeding out of actual malice. *Russo v. State of New York*, 672 F.2d 1014, 1018 (2d Cir. 1982), *modif'd on other gr'ds*, 721 F.2d 410 (2d Cir.1983); *Singleton v. City of New York*, 632 F.2d 185, 195 (2d Cir.1980), *cert. denied*, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981).

Since probable cause supported the arrests there is no basis for the wrongful prosecution counts unless a jury might find that between the arrests and the prosecution the authorities became aware of evidence exonerating the accused. *See Feinberg v. Saks & Co.*, 56 N.Y.2d 206, 211, 451 N.Y.S.2d 677, 436 N.E.2d 1279 (1982). No such contention is made.

### C. Assault and Intentional Infliction of Emotional Distress

■ Plaintiff alleges that during the August 31, 1985 encounter Officer Stevens

falsely asserted that the home owner had a warrant for eviction and that Stevens threatened to arrest plaintiff when he asked to see the warrant.

Intentional infliction of emotional distress consists of extreme and outrageous conduct that intentionally or recklessly causes severe emotional harm. *See Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 144, 490 N.Y.S.2d 735, 480 N.E.2d 349 (1985). The allegations here of admittedly wrongful conduct fall far short of this standard.

 The assault claim is similarly deficient. Though actual contact is not required, there must be some manifestation that creates a reasonable apprehension of harmful, physical contact. Threats alone, no matter how violent, do not constitute an assault. *Carroll v. New York Property Insurance Underwriting Assoc.*, 88 A.D. 2d 527, 450 N.Y.S.2d 21, 22 (1st Dep't), *appeal dismissed*, 57 N.Y.2d 602, 454 N.Y. S.2d 1027, 440 N.E.2d 798 (1982). In any event, Stevens had probable cause to arrest the plaintiff and therefore was privileged to threaten this course of action.

### D.

 Plaintiff contends that officers Stevens and Wittich participated in the wrongful eviction of plaintiff on August 31, 1985 (1) by utilizing their presence as law enforcement officials to permit persons to take plaintiff's property out of the apartment and (2) when Stevens falsely asserted that the homeowner had a warrant for plaintiff's eviction and threatened to arrest him when plaintiff asked to see it. In his sworn testimony at his notice of claim hearing, plaintiff, in substance, conceded that no property of his was removed while the officers were present. The court considers only whether the alleged misrepresentation and threatened arrest states a claim for wrongful eviction.

Section 853 of the New York Real Property Actions and Proceedings states: "If a person is disseized, ejected, or put out of real property in a forcible or unlawful manner ... he is entitled to recover treble damages in an action therefor against the wrong-doer." In 1981, the legislature added the words "or unlawful" so as not to confine the cause of action to forcible, violent evictions. *See Sam & Mary Housing Corp. v. Jo/Sal Market Corp.*, 121 Misc.2d 434, 468 N.Y.S.2d 294, 299–300 (Sup.Ct., Queens Co.1983), *modif'd on other gr'ds*, 100 A.D.2d 901, 474 N.Y.S.2d 786 (2d Dep't 1984), *aff'd*, 64 N.Y.2d 1107, 490 N.Y.S.2d 185, 479 N.E.2d 821 (1985). Under the common law, normal damages are available for a wrongful eviction not falling under section 853. *See Maracina v. Shirrmeister*, 105 A.D.2d 672, 482 N.Y.S.2d 14, 16 (1st Dep't 1984). A wrongful eviction action can be brought against third parties, including law enforcement officials, accused of procuring the eviction for the landlord. *See, e.g., Chelsea Marina, Inc. v. Scoralick*, 94 A.D.2d 189, 463 N.Y.S.2d 489 (2d Dep't 1983).

The present situation bears little resemblance to any of the reported cases. Nevertheless, the court is satisfied that under section 853 the New York courts would conclude that where an officer, without an eviction warrant, gives a tenant a choice between absenting himself from the premises and being arrested and the tenant chooses the former, a wrongful eviction has taken place even if the officer had probable cause to effect the arrest. Surely, such an eviction by "Hobson's choice" is inconsistent with the premium the New York legislature has placed on going through appropriate channels to procure an eviction.

There are issues of fact as to plaintiff's wrongful eviction claim. A jury must decide what Stevens said, and what those statements reasonably imported to plaintiff. Obviously, a finding that Stevens threatened arrest alone would be insufficient. The jury would have to find that the threat forced plaintiff to choose between vacating the premises and being arrested.

The court will not bar this claim on the other ground asserted by movants, namely, that plaintiff failed to appear at a notice of claim hearing as required by New York law. *See* New York General Municipal Law § 50–h. The court has examined the averrals from both sides as to plaintiff's

failure to appear, the dispute as to whether the hearing was adjourned, and his subsequent appearance at a deposition. The court is satisfied that plaintiff's failures if any were honest, especially given that he was *pro se* at the time, and movants were not prejudiced.

### III. Conclusion

The court has not addressed all possible claims against the movants in the lengthy and ambiguously-worded complaint, but finds no merit in any of the claims except as discussed above. All claims against Freeport and the Officers are dismissed save for those against Officer Stevens, Officer Wittich and Freeport with respect to wrongful eviction.

In opposing the instant motions, counsel for plaintiff cited one case and, in substance, no relevant statutes as authority for his contentions. This has been the pattern in other motions litigated in this case. Plaintiff's counsel is hereby put on notice not to continue this practice in this or other cases.

So ordered.