Joseph H.
**KRUPPENBACHER, Plaintiff,**

v.

David **MAZZEO, Elise G. Mazzeo, the City of Albany Police Department, Charles Peters, Individually and as an Officer of the City of Albany Police Department, Officer Gaida, Individually and as an Officer of the City of Albany Police Department, James Halpin, Individually and as a Detective of the City of Albany Police Department, John Doe and Richard Roe, individually and as officers of the City of Albany Police Department whose names are unknown, all Jointly and Severally, Defendants.**

No. 86–CV–40.

United States District Court,
N.D. New York.

Sept. 11, 1990.

Gerstenzang, Wiener & Gerstenzang, Albany, N.Y. (Michael E. Mine, of counsel), for plaintiff.

Roche, Corrigan, McCoy & Bush, Albany, N.Y. (Robert P. Roche, of counsel), for defendants David and Elise Mazzeo.

Vincent J. McCardle, Jr., Albany, N.Y. (Stephen J. Rehfuss, John L. Shea, of counsel), for defendants the City of Albany, James Halpin, Charles Peters and Paul Gaida.

## MEMORANDUM–DECISION & ORDER

MUNSON, District Judge.

All defendants in the present action move for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Plaintiff claims that he was falsely arrested, falsely imprisoned and maliciously prosecuted. Plaintiff alleges that the actions of the defendants deprived him of his constitutional rights and therefore he is entitled to damages under Title 42 U.S.C. § 1983.[1] This court has subject matter jurisdiction under Title 28 U.S.C. § 1331.

## BACKGROUND

There is very little dispute regarding the underlying facts of this case. A confrontation between plaintiff Joseph H. Kruppenbacher and defendants David and Elise Mazzeo occurred on January 10, 1985 on the corner of Washington and Lark Streets in Albany, New York. The Mazzeos, driving an automobile, were turning the corner when they honked the car's horn at pedestrian Kruppenbacher as he crossed the intersection. Then, according to the Mazzeos, Kruppenbacher kicked their car. Kruppenbacher admits that his boot came into contact with the car. Deposition of Kruppenbacher at 18. Elise Mazzeo, who was driving, pulled the car over to the curb. David Mazzeo got out to ask Kruppenbacher why he kicked the car. Kruppenbacher refused to answer. Physical contact ensued out of which David Mazzeo emerged with a cut lip. Here, again, plaintiff admits that he "shoved" David Mazzeo and that his hand came into contact with Mazzeo's "upper left shoulder-arm" area. *Id.* at 23. Mrs. Mazzeo, at the direction of her husband, called the City of Albany Police Department from a nearby public telephone.

Officer Charles Peters of the Albany Police Department ("Albany PD") was the first to arrive on the scene and asked Kruppenbacher for identification and to state

1. 42 U.S.C. § 1983 provides:
   "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

what had happened. Kruppenbacher produced his license but would not respond to any of the officer's questions about what had happened. Next, Albany PD Officer Paul Gaida arrived. Both officers noticed a dent and bent chrome on the driver's side door of the Mazzeos' car and that the lip of David Mazzeo was cut and bleeding. Officer Gaida unsuccessfully attempted to locate witnesses to the incident during the course of his investigation. Affidavit of Gaida at ¶ 6. A discussion between the Mazzeos and the police officers then took place and focused on the appropriate manner for the Mazzeos to pursue reparations.

Kruppenbacher's driver's license only listed a post office box as his address. He refused to give the officers his street address. Both officers thought that without knowledge of a street address the Mazzeos would be unable to sue Kruppenbacher in small claims court. The officers explained to the Mazzeos that without a street address the Mazzeos would be unable to properly effect service on Kruppenbacher.

After the officers had discussed the various options with the Mazzeos, Kruppenbacher was arrested and taken into custody by Officers Peters and Gaida. He was charged with criminal mischief in the fourth degree and assault in the third degree. Kruppenbacher was taken to the police station where he was photographed and fingerprinted by Detective James Halpin. This identification process took ten minutes and no conversation took place between Halpin and Kruppenbacher. Deposition of Kruppenbacher at 55–56. While in custody and during processing, Kruppenbacher was also charged with criminal possession of stolen property in the third degree because officer Peters found that Kruppenbacher had possession of the nondriver, Department of Motor Vehicles, identification card of Katherine Kastner. Kastner was called by the police department. She reported the card as stolen and signed a crime report.

Kruppenbacher was arraigned on January 10, 1985 before City of Albany police court Judge Thomas W. Keegan. Judge Keegan remanded Kruppenbacher to the Albany County jail. On February 1, 1985 Kruppenbacher was released on $6,000.00 cash bail. The Mazzeos never signed a criminal complaint against Kruppenbacher. Consequently all charges against the plaintiff were dropped on June 6, 1985. *Id.* at 75–76. Kruppenbacher then filed this Section 1983 action against David Mazzeo, Elise Mazzeo, the City of Albany Police Department, Officer Charles· Peters, Officer Paul Gaida, and Detective James Halpin.[2]

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that a trial judge shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden rests on the moving party to demonstrate the lack of a genuine issue of fact, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). "In cases where the non-movant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 is met if he can point to an absence of evidence to support an essential element of the non-moving party's claim." *Brady v. Town of Colchester,* 863 F.2d 205, 210–11 (2d Cir.1988). When the movant bears the ultimate burden on an issue upon which he is moving for summary judgment, he must initially establish a prima facie showing on that issue. *See Beaver Valley Power Co. v. National Engineering & Contracting Co.,* 883 F.2d 1210, 1217 n. 7 (3d Cir.1989). If the moving party meets its burden, the plaintiff must then respond with specific facts to support his case. Fed.R.Civ.P. 56(e). On the motion for summary judgment, the evidence "must be viewed in the light most favorable to the

---

2. The original complaint also named Sol Greenberg, Albany County district attorney, and Richard S. Ernst, assistant district attorney of Albany County as defendants. Claims against defendants Greenberg and Ernst were dismissed by this court on May 9, 1986 because of absolute prosecutorial immunity.

party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

Recovery under 42 U.S.C. § 1983 is premised upon a showing by the plaintiff, first, that the defendant deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States and, second, that the defendant was acting under color of state law at the time such denial was effected. *Adickes*, 398 U.S. at 150, 90 S.Ct. at 1604; *Patterson v. Coughlin*, 761 F.2d 886, 890 (2d Cir.1985).

▇ Plaintiff alleges deprivation of his eighth and fourteenth amendment rights and brings pendent state law tort claims of false arrest and malicious prosecution.[3] Plaintiff has no eighth amendment claim because he was not convicted of a criminal offense. *Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983). The court will instead focus on the allegation that defendants' actions violated the plaintiff's right under the fourteenth amendment to be free of deprivations of liberty without due process of law. Under the due process clause, an individual may not be punished prior to an adjudication of guilt in accordance with due process of law. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 1872, 60 L.Ed.2d 447 (1979). The standards and procedures for arrest and detention in accordance with due process of law have been derived from the fourth amendment and its common-law antecedents. *Gerstein v. Pugh*, 420 U.S. 103, 111, 95 S.Ct. 854, 861, 43 L.Ed.2d 54 (1975). Therefore, the arrest of Kruppenbacher will be found to be in violation of the fourteenth amendment if it was performed without probable cause, as defined in the fourth amendment.[4]

The fourth amendment protects an individual against unfounded invasions of liberty and privacy and applies to the states by virtue of the fourteenth amendment. *See generally Hayes v. Florida*, 470 U.S. 811, 105 S.Ct. 1643, 84 L.Ed.2d 705 (1985). Although the Government may permissibly detain a person suspected of committing a crime prior to a formal adjudication of guilt, the existence of probable cause is the standard necessary for arrest without a warrant. *See Gerstein*, 420 U.S. at 111–114, 95 S.Ct. at 861–63. The fourth amendment requires the states to provide a fair and reasonable determination of probable cause as a condition for any significant pretrial restraint of liberty. *Id.* at 114, 95 S.Ct. at 863.

Probable cause to arrest exists when the arresting officer has knowledge and reasonably trustworthy information of facts and circumstances in themselves sufficient to warrant a person of reasonable caution to believe that an offense has been committed by the suspect. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964); *Calamia v. City of New York*, 879 F.2d 1025, 1032 (2d Cir.1989); *People v. Smith*, 44 N.Y.2d 613, 622, 407 N.Y.S.2d 462, 467, 378 N.E.2d 1032, 1037 (1978). Stated more concisely, probable cause exists when an officer believes reasonably and in good faith that a suspect committed a crime. *Collom v. Incorporated Village of Freeport, N.Y.*, 691 F.Supp. 637, 640 (E.D.N.Y.1988).

Plaintiff asserts that defendant officers violated New York Criminal Procedure Law section 140.10 because they arrested him without a warrant and without probable cause. Section 140.10 provides that "a police officer may arrest a person for a crime when he has reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise." NY CPL § 140.10(1)(b). "Reasonable cause," as used in the New York statute, is substantially the same as "prob-

---

**3.** Plaintiff also claims that he has been denied equal protection of the laws under the fourteenth amendment. This claim is conclusory. Moreover, the court cannot identify any colorable equal protection claim in the complaint. The presence of such a claim will not prevent the court from granting defendants' motions for summary judgment.

**4.** Kruppenbacher does not mention the fourth amendment in any of his submissions to this court: Upon reading the complaint and the submissions on the motion for summary judgment the court concludes that plaintiff is claiming a violation of his fourth amendment rights as applicable to the states through the fourteenth amendment.

able cause" within the meaning of the fourth amendment. *See Raysor v. Port Authority*, 768 F.2d 34, 39–40 (2d Cir.1985); *People v. Lombardi*, 18 A.D.2d 177, 180, 239 N.Y.S.2d 161, 164 (2d Dept.1963), *aff'd.* 13 N.Y.2d 1014, 245 N.Y.S.2d 595, 195 N.E.2d 306 (N.Y.1963).

■ On its own, the fact that the Mazzeos reported Kruppenbacher's behavior to the police strongly supports the officers' finding of probable cause. "In many cases where the victim has made a 'positive identification,' the circumstances may be such as to warrant a court's finding of reasonable cause as a matter of law." *Collom*, 691 F.Supp. at 640. The constitutional requirement of probable cause can be satisfied by hearsay information. *Spinelli v. United States*, 393 U.S. 410, 412, 89 S.Ct. 584, 587, 21 L.Ed.2d 637 (1968). The officers deciding whether there is probable cause for arrest must believe that their informant was credible and that the information conveyed was reliable. *Id.* at 413, 89 S.Ct. at 587. The fact that the arresting officers did not have first hand knowledge of what occurred between Kruppenbacher and the Mazzeos does not render improper the determination of whether probable cause exists.

Officers Peters and Gaida were summoned to the corner of Washington and Lark Streets by the phone call of Elise Mazzeo. The Mazzeos identified Kruppenbacher as an assailant. Kruppenbacher was in the immediate vicinity. The officers observed the dent in the driver's side door of the Mazzeo's car and saw David Mazzeo's swollen lip. The officers had reason to believe that the Mazzeos were credible witnesses because the substance of their complaint was supported by physical evidence. A person of reasonable caution, after analyzing this physical evidence, would have probable cause to believe that Kruppenbacher had punched David Mazzeo and had kicked the car. These actions constitute the offenses of criminal mischief in the fourth degree and assault in the third degree.[5]

■ Kruppenbacher argues that a constitutional violation occurred because he was not prosecuted. The fact that Kruppenbacher was not prosecuted does not compel the conclusion that there was a deprivation of liberty without due process of law. Probable cause does not require an officer to be certain that subsequent prosecution of the arrestee will be successful. *Krause v. Bennett*, 887 F.2d 362, 371 (2d Cir.1989); *see also Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979), *United States v. Manley*, 632 F.2d 978, 984 (2d Cir.1980). The fact that the charges against Kruppenbacher were eventually dropped does not compel the conclusion that the arresting officers lacked probable cause to take Kruppenbacher into custody.[6]

Police officers often encounter situations where parties argue as to what has occurred following incidents such as street fights. However, "the existence of competing accounts cannot of itself render the

---

**5.** Section 145.00 of the New York Penal law provides:

> A person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he has such right, he: 1. Intentionally damages the property of another person; or ... 3. Recklessly damages property of another person in an amount exceeding two hundred fifty dollars.

Section 120.00 of the New York Penal law provides:

> A person is guilty of assault in the third degree when: 1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or 2. He recklessly causes physical injury to another person.

**6.** Plaintiff also argues that Katherine Kastner did not wish to report her identification card as stolen and was coerced by the police into signing an arrest report. She states in her affidavit that on February 6, 1985 she came to the conclusion that the card was not stolen. Affidavit of Kastner at ¶ 12. The fact that she changed her mind about in February does not undermine the officers' determination in January that they possessed probable cause to arrest the plaintiff.

issue of probable cause a jury question." *Collom,* 691 F.Supp. at 640. For instance, in *Collom,* the plaintiff brought a section 1983 action claiming that his constitutional rights were violated when he was arrested after complaints, which stated that he swung a bat at the heads of complainants, were filed with the police. *Id.* The court concluded that the arresting officers acted upon probable cause even though the parties disputed the events that transpired. *Id.*

The court's reasoning in *Collom* is fully applicable to the case at bar. If a dispute as to what transpired automatically raised an issue for the jury to decide, police officers might fear a jury's reexamination of their decisions. *Id.* Law enforcement officials would then be discouraged from taking any action at all. *See id.* Courts should not be in the position of constantly second-guessing police officers.

For the foregoing reasons, this court concludes as a matter of law that the arresting officers possessed probable cause to arrest Kruppenbacher for criminal mischief in the fourth degree and assault in the third degree. Therefore, the motion for summary judgment made by defendants Peters, Gaida and Halpin is granted insofar as those officers are alleged to have arrested Kruppenbacher without probable cause.[7]

In addition to the individual officers, the plaintiff seeks to hold the Albany PD liable for alleged constitutional violations. To hold the police department liable, plaintiff must demonstrate that the constitutional wrongs complained of resulted from the department's "official policy, custom, ordinance, regulation, or decision." *Rookard v. Health and Hospitals Corp.,* 710 F.2d 41, 45 (2d Cir.1983). Plaintiff has not come forward with any evidence of other incidents involving the Albany PD. He may not premise the department's liability solely upon "evidence of the occurrence of the

incident in question." *Fiacco v. City of Rensselaer,* 783 F.2d 319, 328 (2d Cir.1986), *cert. denied,* 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 698 (1987). Consequently, the complaint, as it names the Albany PD as a defendant, is dismissed.

■ Plaintiff also submits that the private defendants, the Mazzeos, are liable under section 1983 because they caused the deprivation of his constitutional rights by participating in a conspiracy with the Albany PD. Conspiracies are actionable under section 1983. In proving such a claim the plaintiff must demonstrate actual deprivation of a right secured by the Constitution or laws. *See Scales v. Village of Camden,* 1990 WL 124066, 1990 U.S.Dist.LEXIS 11194 (N.D.N.Y. August 17, 1990) (McAvoy, J.); *see also Dean Tarry Corp. v. Friedlander,* 826 F.2d 210, 213 (2d Cir. 1987); *Hanna v. Home Ins. Co.,* 281 F.2d 298, 303 (5th Cir.1960), *cert. denied,* 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747 (1961). "[M]ere proof of a conspiracy is insufficient to establish a section 1983 [conspiracy] claim." *Hampton v. Hanrahan,* 600 F.2d 600, 622 (7th Cir.1979), *cert. denied in part, granted in part,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980); *see also Brennan v. Hendrigan,* 888 F.2d 189, 195 (1st Cir.1989). As the previous discussion demonstrates, there has been no deprivation of constitutional rights because plaintiff was arrested upon probable cause. Kruppenbacher is therefore unable to prevail on a conspiracy claim brought under section 1983.

The court accordingly concludes that plaintiff has no viable claim under 42 U.S.C. § 1983. Because the federal claims have been dismissed before trial, under the dictates of *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), the court dismisses the pendent state law claims.

In brief, the complaint is dismissed in its

---

**7.** Plaintiff's claim against Detective Halpin is especially weak. Kruppenbacher admits that the only contact he had with Halpin was the ten

minutes spent during the fingerprinting and photography procedure. Deposition of Kruppenbacher at 55–56.

entirety.[8] The clerk of the court is directed to enter judgment for the defendants.

It is So Ordered.

---

**8.** The court observes that plaintiff's attorney failed to file a 10(j) statement which is required by the Local Rules of the Northern District of New York.