Linda **AUGUSTINE** and Terra LeGrand

v.

Police Officer **REID,** Police Officer Fernando Rodriguez, Sister Annelle Fitzpatrick, City of New York, Police Commissioner Kelly, and Roman Catholic Archdiocese.

Nos. CV 94–0306, CV 94–0307.

United States District Court, E.D. New York.

April 7, 1995.

Linda Augustine, Brooklyn, NY, pro se.

Terra LeGrand, Brooklyn, NY, pro se.

Hurley, Kearney & Lane (Kevin M. Kearney, Michael J. Monahan, of counsel), Brooklyn, NY, for Roman Catholic defendants.

Paul A. Crotty, Corp. Counsel of City of New York, (David Lock, Marlene Mazel, of counsel), New York City, for City of New York defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

Plaintiffs brought this *pro se* action pursuant to 42 U.S.C. §§ 1983 and 1985(3) alleging that defendants conspired to and did falsely arrest and maliciously prosecute them because of their race and their faith, in viola-
tion of their rights under the First, Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs seek damages of $60 million.

Defendants move for summary judgment. Plaintiffs move to amend their complaint to name an additional defendant.

## I

The parties do not contest the following facts.

On June 14, 1993 defendant Annelle Fitzpatrick, a Roman Catholic nun who is a member of the Sisters of St. Joseph, told defendant police officers Fernando Rodriguez and Andrew Reid that plaintiffs Linda Augustine and Terra LeGrand, claiming that they were Catholic nuns from the Sisters of St. Joseph and wearing long black robes with crucifixes, had solicited Fitzpatrick for money to support an orphanage. Fitzpatrick showed the officers identification and told them that as a Sister of St. Joseph, she knew that plaintiffs did not belong to that order.

After observing plaintiffs solicit passersby and store owners, Reid, Rodriguez and Fitzpatrick questioned plaintiffs. They were not able to answer Fitzpatrick's questions about their novitiate training or produce identification other than a piece of paper that they said was a license to solicit on the behalf of St. Joseph's Church of Christ. They denied that they had represented that they were Catholic nuns, stating that they were "Pentecostal nuns."

Sergeant Timothy Donohue, called to the scene by Reid, asked plaintiffs to come to the station house in order to call their mother superior, who LeGrand said could verify their identities. When the parties arrived at the precinct, a detective recognized LeGrand and stated that the LeGrand family sends out women dressed like nuns to collect money.

Reid called a telephone number provided by LeGrand and asked to speak to Sister Eva. The woman who answered the phone said that she knew Augustine and LeGrand but hung up when Reid identified himself as

a police officer and asked that she come to the precinct to identify plaintiffs.

Reid called again, this time speaking to a woman who said she was Sister Eva. After he stated that he was a police officer, she too hung up. Reid tried calling the number approximately five more times with the same result.

Reid arrested plaintiffs for fraudulent accosting (N.Y.Penal Law § 165.30) and criminal impersonation in the second degree (N.Y.Penal Law § 190.25). A jury acquitted plaintiffs of those charges sometime thereafter.

## II

The court may grant a motion for summary judgment only when the moving party demonstrates that no genuine issue of material fact exists for trial and that the party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The court resolves all ambiguities and draws all inferences from the underlying facts in favor of the nonmoving party. *See Binder v. Long Island Lighting Co.,* 933 F.2d 187, 191 (2nd Cir.1991) (citing *Brady v. Town of Colchester,* 863 F.2d 205, 210 (2nd Cir.1988)).

## III

Section 1983 of Title 42 of the United States Code provides in pertinent part that:

[e]very person who, under color of any statute, ordinance, regulation, custom or usage of any State ..., subjects, or causes to be subjected any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

[1] To maintain an action under 42 U.S.C. § 1983 plaintiffs must show that a particular defendant acted under color of state law and deprived him of a federal statutory or constitutional right. *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

Plaintiffs allege that defendants Reid and Rodriguez falsely arrested and maliciously prosecuted them in violation of their First, Fourth and Fourteenth Amendment rights, asserting that the arresting officers were prejudiced in favor of Catholic nuns as opposed to members of their faith and arrested them without cause because of this prejudice. LeGrand, who is black, also claims that her arrest and prosecution were motivated in part by racial prejudice.

■ In order to defeat the false arrest claim, defendant police officers must show by a preponderance of the evidence that they had probable cause to arrest plaintiffs. *See Raysor v. Port Authority of New York & New Jersey,* 768 F.2d 34, 39–40 (2d Cir.1985), *cert. denied,* 475 U.S. 1027, 106 S.Ct. 1227, 89 L.Ed.2d 337 (1986); *Collom v. Incorporated Village of Freeport,* 691 F.Supp. 637, 640 (E.D.N.Y.1988).

"In general, probable cause to arrest exists when the authorities have knowledge of reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Calamia v. City of New York,* 879 F.2d 1025, 1032 (2d Cir. 1989).

■ Defendant Fitzpatrick stated to the arresting officers that plaintiffs were holding themselves out to be Catholic nuns while soliciting money. She produced identification showing that she belongs to a Catholic order and said that she believed that plaintiffs were not Catholic nuns. Although plaintiffs denied Fitzpatrick's allegation and claimed to be nuns of a pentecostal church, they could not produce identification, and despite the officers' repeated attempts to contact plaintiffs' church in order to verify their identities, it seems no person there was willing to do so.

An unnamed detective apparently recognized LeGrand at the station house and stated that she belonged to a family that sends out women dressed as nuns to solicit money. Plaintiffs say that defendants Reid and Rodriguez should have questioned the detective further, alleging that had the officers done so the detective would have confirmed plaintiffs' contention that they did not hold themselves out to be Catholic nuns when they solicited money.

Although it may be true that the better course of action would have been for the defendant officers to question the detective, the court concludes that considering the totality of the circumstances, defendants Reid and Rodriguez had probable cause to arrest plaintiffs. It was reasonable for them to believe Fitzpatrick's account that plaintiffs were representing themselves to be Catholic nuns. *See Miloslavsky v. AES Engineering Society, Inc.,* 808 F.Supp. 351, 355 (S.D.N.Y. 1992), *aff'd,* 993 F.2d 1534 (2d Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 68, 126 L.Ed.2d 37 (1993) ("[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, who it seems reasonable to believe is telling the truth."). Neither plaintiffs' eventual acquittal nor their conclusory allegations that the arrests were prompted by religious or racial animus are sufficient to overcome that determination. *See id.* at 354 ("The validity of an arrest does not turn on an ultimate finding of guilt or innocence.").

Because "probable cause supported the arrests there is no basis for the wrongful prosecution [claim] unless a jury might find that between the arrests and the prosecution the authorities became aware of evidence exonerating the accused." *See Collom,* 691 F.Supp. at 640. Plaintiffs make no such contention.

Because as a matter of law plaintiffs cannot show that defendants Reid and Rodriguez violated their constitutional rights, their § 1983 claims against the defendants Kelly, City of New York, Fitzpatrick, and Archdiocese must also fail. *See Monell v. Department of Social Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978); *Roesch v. Otarola,* 980 F.2d 850, 854–55 (2d Cir.1992).

### IV

■ Section 1985(3) of Title 42 of the United States Code states in pertinent part that:

If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws ... the party so injured may have an action for recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

To maintain an action under 42 U.S.C. § 1985(3) plaintiffs must show that defendants, prompted by "some racial" or "otherwise class-based, invidiously discriminatory animus," conspired to deprive them of "the equal enjoyment of rights secured by the law to all." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).

Plaintiffs allege that defendants Reid, Rodriguez and Fitzpatrick conspired to deprive them of their constitutional rights because of their race and religion. But plaintiffs do not plead any facts to demonstrate that those defendants entered into an agreement, express or tacit, to achieve that end. *See Katz v. Morgenthau,* 709 F.Supp. 1219, 1231 (S.D.N.Y.), *rev'd in part on other grounds,* 892 F.2d 20 (2d Cir.1989) (to support a claim of conspiracy, plaintiff must show that "defendants acted in a willful manner, culminating in an agreement, understanding, or 'meeting of the minds' "). Plaintiffs thus fail to state a claim pursuant to 42 U.S.C. § 1985(3).

### V

■ Plaintiffs move to amend their complaint to add as a John Doe defendant the detective who recognized LeGrand at the station house. Plaintiffs allege that Doe is liable under 42 U.S.C. § 1986 for not preventing the conspiracy to arrest and prosecute them in violation of 42 U.S.C. § 1985(3).

Section 1986 of Title 42 of the United States Code states in pertinent part that:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured ... for all damages caused by such wrongful act.

**54**

Plaintiffs fail to state a claim under § 1985(3), a necessary prerequisite to an action pursuant to § 1986. *See Mian v. Donaldson, Lufkin & Jenrette Securities,* 7 F.3d 1085, 1088 (2d Cir.1993) ("a § 1986 claim must be predicated upon a valid § 1985 claim"). Thus, allowing amendment to add Doe as a defendant would be futile.

### VI

The court grants defendants' motion for summary judgment and denies plaintiffs' motion to amend their complaint.

So ordered.