99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Linda AUGUSTINE and Terra Le Grand, Plaintiffs-Appellants,
v.
Andrew REID, P.O.; Fernando Rodriguez, P.O.; Annelle
Fitzpatrick; New York City; Police Commissioner
Kelly; Roman Catholic Church
Archdiocese, Defendants-Appellees.
 No. 95-7493.
 United States Court of Appeals, Second Circuit.
 Dec. 27, 1995.
 
 Appearing for Appellant Augustine: Linda Augustine, pro se, Brooklyn, NY.
 Appearing for Appellees Annelle Fitzpatrick and the Roman Catholic Diocese of Brooklyn, New York: Michael J. Monahan, Hurley, Kearney & Lane, Brooklyn, NY.
 Appearing for Appellees Andrew Reid; Fernando Rodriguez; New York City; and former Police Commissioner Kelly: Kristin Helmers, Ass't Chief, Appeals Div., Corp. Counsel, City of New York
 E.D.N.Y.
 AFFIRMED.
 Present: OAKES, WINTER, WALKER, JR., Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Linda Augustine and Terra Le Grand appeal pro se from Judge Nickerson's decision granting summary judgment against them and dismissing their civil rights action for false arrest and malicious prosecution. Appellants were arrested for fraudulent accosting, in violation of N.Y. Penal Law § 165.30, and criminal impersonation in the second degree, in violation of N.Y. Penal Law § 190.25, for falsely claiming to be Catholic nuns while soliciting charitable funds. A jury acquitted appellants of the charges. Appellants then filed the present complaint pursuant to 42 U.S.C. §§ 1983 and 1985(3).
 
 
 4
 In granting summary judgment, the district court ruled that appellants failed to establish a genuine issue of material fact regarding probable cause for their arrest or to plead a conspiracy under 42 U.S.C. § 1985(3).
 
 
 5
 "There can be no federal civil rights claim for false arrest where the arresting officer had probable cause." Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir.1995). "Probable cause is established when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Id. at 119 (internal quotation marks and citations omitted). In view of the uncontested facts recited by the district court, the officers had ample probable cause to arrest appellants. Sister Annelle Fitzpatrick, a Roman Catholic nun who is a member of the Sisters of St. Joseph, told police officers Andrew Reid and Fernando Rodriguez that the appellants were claiming to be Catholic nuns from the Sisters of St. Joseph, were wearing long black robes with crucifixes, had money from Fitzpatrick, but did not belong to her order. After observing appellants soliciting passersby and store owners, the officers questioned appellants, who could neither answer questions about their novitiate training nor provide credible identification.
 
 
 6
 The fact that appellants claimed to be "Pentecostal nuns" and showed the officers a piece of paper that they said was a license to solicit on behalf of St. Joseph's Church of Christ does not undermine the existence of probable cause. The fact that police officers are presented with conflicting stories does not preclude a legal arrest when one story is vastly more credible than another.
 
 
 7
 Appellants' other claims on appeal are similarly without merit, and we affirm dismissal of the complaint for substantially the reasons stated by the district court. See Augustine v. Reid, 882 F.Supp. 50 (E.D.N.Y.1995).