Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered January 3, 2005, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the People’s contention, all of the defendant’s arguments on appeal regarding the Supreme Court’s Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) are preserved for appellate review (see CPL 470.05 [2]). Nonetheless, the Sandoval ruling was not an improvident exercise of the Supreme Court’s discretion (see People v Bennette, 56 NY2d 142, 148 [1982]; People v Torres, 12 AD3d 539, 540 [2004]; People v Morales, 273 AD2d 102 [2000]; People v Creel, 215 AD2d 577, 578 [1995]; People v Moise, 199 AD2d 423, 424 [1993]; People v Reyes, 121 AD2d 575 [1986]).
The defendant’s contention in his supplemental pro se brief that he was deprived of his right to testify before the grand jury is without merit. Criminal Procedure Law § 190.50 (5) (a) provides a defendant with the right to testify before the grand jury “if, prior to the filing of any indictment ... in the matter, he serves upon the district attorney of the county a written notice making such request.” Notwithstanding the defendant’s claim that he told his attorney of his desire to testify before the grand jury, there is no evidence in the record that either he or his attorney served the required written notice on the District *1103 Attorney (see CPL 190.50 [5] [a]). Consequently, the defendant’s motion to dismiss the indictment on the ground that he was not accorded an opportunity to appear and testify before the grand jury was properly denied (see CPL 210.20 [1] [c]; 210.35 [4]; 190.50 [5] [a]; People v Smith, 18 AD3d 888 [2005]; People v Rogers, 228 AD2d 623 [1996]). Moreover, even if defense counsel failed to act on the defendant’s desire to testify before the grand jury, any failure on the part of counsel to so act would not, under the circumstances of this case, amount to the denial of the effective assistance of counsel (see People v Simmons, 10 NY3d 946, 949 [2008]; People v Wiggins, 89 NY2d 872, 873 [1996]; People v Lasher, 74 AD3d 1474 [2010]; People v Beecham, 74 AD3d 1216 [2010]; People v Williams, 301 AD2d 669, 670 [2003]).
The defendant’s remaining contentions raised in his supplemental pro se brief regarding his pre-arraignment detention are without merit (see CPL 180.80; People v Fagan, 53 AD3d 983, 984 [2008]; Romeo v County of Oneida, 135 AD2d 1099, 1100 [1987]). Mastro, J.P., Skelos, Roman and Sgroi, JJ., concur.