WILLIAM F. AVEY, Respondent, *v.* TOWN OF BRANT, Appellant.

(Argued January 8, 1934; decided January 16, 1934.)

*Clark H. Hammond* and *Robert J. Schutrum* for appellant. The complaint does not state a cause of action. (*Tripler* v. *Mayor*, 125 N. Y. 617; *Wood* v. *Amory*, 105 N. Y. 278; *Hurlburt* v. *Durant*, 88 N. Y. 121; *Pierce* v. *Brown*, 7 Wall. 205; *Dunham* v. *Griswold*, 100 N. Y. 224; *Strong* v. *Grannis*, 26 Barb. 122; *Foshay* v. *Ferguson*, 5 Hill, 154; *Knapp* v. *Hyde*, 60 Barb. 80; *Stayton Realty Corp.* v. *Rhodes*, 200 App. Div. 108; 234 N. Y. 515; *Orinoco Realty Co.* v. *Bandler*, 233 N. Y. 24; *McPherson* v. *Cox*, 86 N. Y. 472; *Sprung* v. *Zalowitz*, 232 App. Div. 471; *Heller & Son, Inc.,* v. *Lassner Co.*, 214 App. Div. 315; *Levy Leasing Co.* v. *Siegel*, 230 N. Y. 634; *Hartsville Oil Mill* v. *United States*, 271 U. S. 43.) No actual facts of duress are alleged to support a cause of action. ( *Kam-*

*enitsky* v. *Corcoran*, 177 App. Div. 605; *Crossways Apartments Corp.* v. *Amante*, 213 App. Div. 430; *City of New York* v. *Fox*, 232 N. Y. 167; *Boyden* v. *United States*, 13 Wall. 17; *Muzzy* v. *Shattuck*, 1 Den. 233; *Upshaw* v. *Mutual Loan Assn.*, 29 Misc. Rep. 143; *Quincy* v. *White*, 63 N. Y. 370.)

*Elijah W. Holt* for respondent. The cause of action is for the recovery of plaintiff's moneys, extorted from him wrongfully, received and retained by defendant without right thereto, and which defendant refuses to repay after proper demand. All allegations essential to sustain such cause are alleged in the complaint, and such cause justifies the relief demanded. (*Augustine* v. *Town of Brant*, 249 N. Y. 198; *Deshong* v. *City of New York*, 176 N. Y. 475; *Freeman* v. *Grant*, 132 N. Y. 22; *Knee* v. *Waist Co.*, 153 N. Y. Supp. 56; *Haviland* v. *Willets*, 141 N. Y. 35.)

*Per Curiam.* Payments coerced by duress may be recovered back. "The coercion, however, must be illegal, unjust or oppressive." (*Deshong* v. *City of New York*, 176 N. Y. 475, 479.) The complaint alleges no facts showing that it was illegal, unjust or oppressive for the town to attempt to collect moneys apparently due to it from the Supervisor. The words " wrongfully claimed " state a mere conclusion and do not imply that defendant knew that plaintiff had expended the money for authorized town purposes. All that is alleged is consistent with threats to enforce what the town believed to be its legal rights, which do not constitute duress. (*Benson* v. *Monroe*, 61 Mass. 125, 131.)

The order of the Appellate Division and that of the Special Term should be reversed, the question certified answered in the negative and the complaint dismissed, with costs in all courts. The plaintiff may have thirty days in which to serve an amended complaint on payment of costs.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur; CROUCH, J., dissents.

Ordered accordingly.