DURAND TAYLOR et al., Copartners Doing Business under the Name of DURAND TAYLOR COMPANY, Respondents, v. ZIFF-DAVIS PUBLISHING COMPANY, Appellant.

VAN VOORHIS, J. (dissenting). The complaint alleges that plaintiffs' firm was employed as a real estate broker by defendant, a prospective lessee of rental space in New York City; that plaintiffs performed services in searching for space for defendant's business, found such space in a building known as the Fuller Building at 595 Madison Avenue, negotiated between defendant and the owner of the building, " and finally procured the owner of said premises to accept the offer of the defendant for such space on terms agreeable to defendant, and the owner of said premises was ready, willing and able to make a lease on the terms theretofore authorized by defendants." It is further alleged that defendant thereafter declined to enter into a lease of said premises, whereby commissions in the sum of $13,312.50 became due and owing to the plaintiffs. That is all that is stated concerning the essential facts of the transaction.

The allegations of this complaint are merely conclusory. Since no lease was entered into between the principals, plaintiffs must show that in employing them defendant specified the terms of a lease to be made and that the prospective lessor met those terms, or that the minds of the principals met upon some other definite basis. A complaint, in order to be valid, must contain a statement of the material facts (Civ. Prac. Act, § 255). Mere conclusions are not enough (Avey v. Town of Brant, 263 N. Y. 320). To plead a valid cause of action, it was incumbent on plaintiffs to allege the bare essentials of the lease which defendant is claimed to have been willing to sign. Neither the length of the term, the amount of the rent, nor any other item in the proposed leasehold is mentioned. Plaintiff had some definite terms in mind on which to compute the commissions which they allege were earned in the sum of $13,312.50. Only the naked conclusion has been stated, namely, that the owner of the building was willing to rent on terms agreeable to defendant or theretofore authorized by defendant. Some advantage is evidently contemplated by surprise at the trial.

The insufficiency of this complaint cannot be cured by a bill of particulars. The function of a bill of particulars is not to render valid a complaint that is defective.

The order appealed from should be reversed, with $20 costs and printing disbursements, and defendant's motion to dismiss the complaint should be granted, with leave to serve an amended complaint alleging at least the rudiments of the agreement on which it is claimed the minds of the principals met (Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 382).

Peck, P. J., Callahan, Heffernan and Bergan, JJ., concur in decision; Van Voorhis, J., dissents and votes to reverse, in opinion.

Order affirmed, with $20 costs and disbursements to respondents. No opinion.