GEORGE BLUMENFELD, Respondent, v. BENJAMIN HARRIS et al., Individually and as Copartners, Doing Business under the Name of HARRIS BROTHERS, Appellants.

First Department, February 26, 1957.

*Robert L. Horkitz* of counsel (*Glatzer, Glatzer & Diamond,* attorneys), for appellants.

*Frederick Posses* for respondent.

*Per Curiam.* The trial court, sitting without a jury, rendered judgment in favor of plaintiff on each of the two causes of action. The first cause alleged false imprisonment, and the second cause sought the return of money paid to defendants under duress and coercion. It is clear that plaintiff, an employee of defendants, freely and voluntarily, and in the course of his regular duties entered the back room of the store in which he claims he was detained unlawfully. It is just as clear, and reiterated by plaintiff many times without reservation

in the course of his testimony, that the only reason he did not leave this back room was because he feared that if he did so defendants would call a policeman and have him arrested for allegedly pocketing sales receipts. The same fear, plaintiff testified unequivocally, impelled him to pay over to defendants by way of restitution the estimated total of his alleged peculations.

There can be no doubt that plaintiff chose to remain in the back room of defendants' store to discuss the charges made against him, and that he signed two confessions while in the back room, under no restraint other than that if he left the room he risked the indignity and consequences of an arrest. Threats to invoke peacefully the processes of the law, standing alone and unaccompanied by force or any other form of restraint, cannot result in such a detention as would constitute false imprisonment (*Harris* v. *New York, Westchester & Boston Ry. Co.,* 244 App. Div. 252); nor can threats to enforce what defendants thought were their legal rights, standing by themselves, support an action for moneys paid under duress and coercion (*Avey* v. *Town of Brant,* 263 N. Y. 320). The judgment appealed from should be unanimously reversed and the complaint dismissed.

BOTEIN, J. P., RABIN, FRANK, VALENTE and McNALLY, JJ., concur.

Judgment unanimously reversed, with costs to the appellants, and the complaint dismissed   Settle order on notice.