■ LYNN A. MALANGA, Respondent-Appellant, v SEARS, ROEBUCK AND CO., Appellant-Respondent. — Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff alleged causes of action for false arrest, malicious prosecution, defamation, and intentional infliction of emotional distress after she was questioned by a store manager concerning her alleged involvement in a theft ring. She was charged with petit larceny and received an adjournment in contemplation of dismissal (ACD).

Special Term properly granted summary judgment to the defendant and dismissed the cause of action for malicious prosecution. Since an ACD is neither a conviction nor an acquittal (CPL 170.55 [6]), plaintiff cannot establish a termination in favor of the accused, one of the necessary elements of the cause of action for malicious prosecution (*Hollender v Trump Vil.*

*Coop.*, 58 NY2d 420, 423). Special Term also properly dismissed the causes of action for defamation and intentional infliction of emotional distress for lack of any factual basis to support plaintiff's claims.

Special Term erred, however, in reinstating plaintiff's cause of action for false arrest. Defendant did not personally confine the plaintiff. Plaintiff was a part-time employee of the defendant and was questioned during her regular business hours in familiar surroundings. She was not threatened in any way and was free to leave at any time. Plaintiff's fear that she would be arrested or fired if she left does not constitute the detaining force necessary to establish the tort of false imprisonment (*see, Blumenfeld v Harris*, 3 AD2d 219, 220, *affd* 3 NY2d 905, *cert denied* 356 US 930). The subsequent arrest of plaintiff by police was legally justified because there was reasonable cause to believe that plaintiff was guilty of a crime (CPL 140.25 [1] [b]; *see, Broughton v State of New York*, 37 NY2d 451, 458, *cert denied sub nom. Schanbarger v Kellog*, 423 US 929). It is undisputed that the arrest of plaintiff was based upon the confession of another employee which specifically implicated plaintiff as a coconspirator in an alleged theft ring (*see, Jacques v Sears, Roebuck & Co.*, 30 NY2d 466). Moreover, the defendant was independently· aware of a loss of merchandise in the candy department and plaintiff confessed that on at least three occasions she undercharged customers for candy or had given it away. This established probable cause for plaintiff's arrest as a matter of law (*see, Rawson v Leggett*, 184 NY 504; *Toenis v Hommel*, 59 AD2d 1000). Accordingly, defendant is entitled to summary judgment dismissing plaintiff's cause of action for false arrest and imprisonment. (Appeals from order of Supreme Court, Monroe County, Siracuse, J. — malicious prosecution.) Present — Dillon, P. J., Hancock, Jr., Doerr, Green and Schnepp, JJ. [118 Misc 2d 10.]