■ CHRISTINA M. HAYES, Respondent-Appellant, v ROBERT SCHULTZ et al., Appellants-Respondents.—In an action to recover damages for malicious prosecution and assault, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Putnam County (Silberman, J.H.O.), dated October 27, 1987, as, after a nonjury trial, is in favor of the plaintiff on her cause of action to recover damages for malicious prosecution, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as awards her only the principal sum of $2,500 as damages for malicious prosecution and dismissed her cause of action for assault.

Ordered that the judgment is modified, on the law, by deleting therefrom the provision awarding the plaintiff judgment on her cause of action to recover damages for malicious prosecution in the principal sum of $2,500, and substituting therefor a provision dismissing that cause of action; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the defendants.

The plaintiff did not meet her burden of establishing that the underlying criminal action terminated in her favor. The certificate of disposition of the criminal charges brought against her merely noted that the charge was dismissed. This leaves the question of the plaintiff's guilt or innocence unan-

swered *(see, Jackson v County of Nassau,* 123 AD2d 834, *lv denied* 69 NY2d 608). The plaintiff's cause of action to recover damages for malicious prosecution should therefore have been dismissed *(Ryan v New York Tel. Co.,* 62 NY2d 494, 504-505; *Hollender v Trump Vil. Coop.,* 58 NY2d 420, 425; *Broughton v State of New York,* 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; *Sokol v Sofokles,* 136 AD2d 535, 536). Moreover, the plaintiff's cause of action to recover damages for assault was properly dismissed. The plaintiff did not establish that any of the actions of the defendant Schultz, although arguably discourteous, put her in "imminent apprehension" of "harmful or offensive contact" (Restatement [Second] of Torts § 21 [1] [1965]; *see, Reichle v Mayeri,* 110 AD2d 694). Mollen, P. J., Thompson, Kunzeman and Rubin, JJ., concur.