■ JAMES A. KRAMER et al., Appellants, v CITY OF NEW YORK et al., Respondents.—Order and judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered March 7, 1990 and March 23, 1990 respectively, which granted defendants' motion to set aside a jury verdict in favor of plaintiffs and dismissed the complaint, unanimously affirmed, without costs.

Plaintiffs agreed to drive the complainant home from a discotheque during the early morning hours of May 5, 1984. However, they testified that when she became unruly, they pulled over to the side and told her to leave, which she did under her own volition. When they realized that the complainant had left her umbrella, they handed it to her through the window and then drove off.

Defendant, former Police Officer Brian Smith, testified that while he was sitting in his patrol car on May 5, 1984, he saw the complainant in the air falling to the sidewalk, as if she had been thrown from a vehicle. She was able to stand back up, however, and yelled to him to stop plaintiffs' car because they had stolen her purse. Smith turned on his siren and directed plaintiffs to pull over. He then approached the vehicle with his gun drawn and ordered the occupants out of the car. Smith saw a purse on the front seat of the car, opened it and discovered a credit card and identification with a photograph of the complainant.

Plaintiffs insisted that they did not know that the complainant had left her purse in the car and asked the officer to bring her to the scene. The officer had told the complainant to remain in the area where she first approached him but she instead returned to her residence. Although the complainant was not brought to the scene of the arrests, she was thereafter taken to the precinct where she identified the purse recovered from the car as the one that was purportedly stolen from her. Plaintiffs spent two and one-half days in custody following their arrest on charges of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree before they were released. The charges against them were eventually dismissed, on motion of the District Attorney's Office, after the complainant refused to proceed with the prosecution.

The jury found defendants liable for false arrest and

awarded plaintiffs Kramer $100,000, Kopalakis $150,000 and Rosenblum $90,000 in damages. The Supreme Court, however, granted defendants' motion to set aside the jury verdict on the ground that Officer Smith had probable cause to arrest plaintiffs. We agree.

It is well-established that a warrantless arrest is presumptively unlawful and that defendant has the burden of proving legal justification as an affirmative defense by showing that probable cause existed at the time of the arrest *(Broughton v State of New York,* 37 NY2d 451, 458, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929). A valid arrest will not be rendered unlawful by malicious motives *(supra,* at 459). It is also well-settled that where the facts giving rise to the arrest are undisputed, whether or not the arrest was based on probable cause is for the court to decide as a matter of law *(Veras v Truth Verification Corp.,* 87 AD2d 381, 384, *affd* 57 NY2d 947). "Only when the defense of probable cause is based upon conflicting evidence, from which reasonable persons might draw different inferences, is the question for the jury *(Smith v County of Nassau, supra* [34 NY2d 18]; *Clark v Nannery,* 292 NY 105)" *(supra,* at 384).

While plaintiffs attempted to discredit the testimony of Officer Smith by challenging his motives for proceeding with the arrest which plaintiffs claimed Smith knew was illegal, it is undisputed that a purse containing a photograph of the complainant was found in plaintiffs' car, which car the complainant had pointed out to the officer, and that the complainant later identified the purse at the precinct. The information given to the officer by the identified citizen, accusing plaintiffs of a specific crime, was legally sufficient to provide the officer with probable cause to arrest *(see, People v Nichols,* 156 AD2d 129, *lv denied* 76 NY2d 740; *People v Gonzalez,* 138 AD2d 622, *lv denied* 71 NY2d 1027; *Jackson v County of Nassau,* 123 AD2d 834, *lv denied* 69 NY2d 608; *People v Phillips,* 120 AD2d 621). Since the uncontroverted evidence at trial demonstrated, as a matter of law, that Officer Smith had probable cause to arrest plaintiffs, the Supreme Court properly granted defendants' motion to set aside the verdict.

We have considered plaintiffs' remaining contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.