■ ANTHONY RUSSO, Respondent, v VILLAGE OF PORT CHESTER et al., Appellants, et al., Defendant. [603 NYS2d 582] —In an action, *inter alia,* to recover damages for false arrest and malicious prosecution, the defendants Village of Port Chester and Albert Schnell appeal from so much of an order of the Supreme Court, Westchester County (Ingrassia, J.), dated June 28, 1991, as denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were for summary judgment dismissing the first, second, and fourth causes of action insofar as they were asserted against the appellants, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly concluded that there are triable issues of fact with respect to the plaintiff's cause of action to recover damages for malicious prosecution *(see, Broughton v State of New York,* 37 NY2d 451, *cert denied* 423 US 929; *Boose v City of Rochester,* 71 AD2d 59). However, the plaintiff's arrest was made pursuant to a valid process issued by a court having jurisdiction of the criminal charges. Accordingly, the motion should have been granted as to the cause of action to recover damages for false arrest and false imprisonment *(see, Broughton v State of New York, supra; Gisondi v Town of Harrison,* 120 AD2d 48, 51, *affd* 72 NY2d 280). Additionally, the causes of action premised upon the theories of negligence and intentional infliction of emotional distress should have been dismissed *(see, Boose v City of Rochester, supra).* We modify the order appealed from accordingly. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.