■ TIMOTHY W. SHEA, Respondent, v COUNTY OF ERIE et al., Appellants. [609 NYS2d 473] —Order unanimously reversed on the law without costs, motions granted and complaint dismissed. Memorandum: Supreme Court erred in denying the motions of the County of Erie and City of Buffalo for summary judgment dismissing the complaint. Plaintiff commenced this action to recover damages for false arrest and unlawful imprisonment for injuries allegedly received as a result of his detention. Plaintiff alleged that defendants negligently failed to confirm and communicate to Buffalo City Court plaintiff's satisfactory completion of a County drinking and driving evaluation program that was a requirement of his conditional discharge on a Vehicle and Traffic offense. Buffalo City Court issued a bench warrant in December 1985 because plaintiff had initially failed to participate in the program. Although a letter was subsequently sent notifying City Court of plaintiff's successful completion of the program, the warrant was never recalled. Plaintiff does not contend that the warrant was invalid on its face and there is no basis, therefore, for an action for false arrest and imprisonment *(Stalteri v County of Monroe,* 107 AD2d 1071; *Saunsen v State of New York,* 81 AD2d 252). Although plaintiff's cause of action sounds in negligence, he "may not recover under broad general principles of negligence * * * but must proceed by way of the traditional remedies of false arrest and imprisonment" *(Boose v City of Rochester,* 71 AD2d 59, 62). Additionally, the failure of Buffalo City Court, a component of the New York State Unified Court System *(see,* NY Const, art VI, § 1 [a]), to revoke the bench warrant does not render the City of Buffalo liable.

Similarly, the County of Erie is not liable for any negligent omission on the part of City Court to revoke the warrant. (Appeals from Order of Supreme Court, Erie County, Forma, J.—Summary Judgment.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.