■ MARTIN SHAPIRO, Appellant, v COUNTY OF NASSAU et al., Respondents, et al., Defendants. [609 NYS2d 234] —Judgment, Supreme Court, Nassau County (Joseph Saladano, J.), entered March 2, 1992, in favor of defendants-respondents and against plaintiff, and bringing up for review an order of said court and Justice, which granted defendants-respondents' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff's cause of action for false arrest was properly dismissed. Sworn statements given by the complainant and members of her family to the police that plaintiff was exposing himself in his backyard provided probable cause to believe that plaintiff was guilty of the offense of harassment and justified his arrest as a matter of law *(see, Veras v Truth Verification Corp.,* 87 AD2d 381, *affd* 57 NY2d 947), although he was acquitted after trial. What is required is not "proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed" *(People v Bigelow,* 66 NY2d 417, 423). The presence of probable cause is also fatal to plaintiff's cause of action for malicious prosecution *(see, Broughton v State of New York,* 37 NY2d 451, 457), which, we note, is also deficient for failure to show actual malice *(supra),* defined as "a wrong or improper motive, something other than a desire to see the ends of justice served" in the commencement of a criminal proceeding *(Nardelli v Stamberg,* 44 NY2d 500, 503). Clearly, there is no merit to plaintiff's bare assertions of malice against the police department that instituted the criminal proceeding against him. Finally, upon a search of the record *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 111), we affirm the IAS Court's implicit rejection of plaintiff's claim for intentional infliction of emotional distress, there being no proof of extreme or outrageous conduct "which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society" *(Freihofer v Hearst Corp.,* 65 NY2d 135, 143). To hold otherwise would have a chilling effect on police investigations of civilian complaints. Concur—Ellerin, J. P., Wallach, Kupferman, Rubin and Williams, JJ.