■ PATRICK MURPHY, Appellant, v COUNTY OF NASSAU et al., Respondents. [609 NYS2d 940] —In an action to recover damages for false arrest, malicious prosecution, and intentional infliction of emotional distress, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated March 5, 1992, as granted the separate motions of the defendant New York Racing Association and of the defendants County of Nassau and Nassau County Police Department for summary judgment dismissing the complaint, and denied that branch of his cross motion which was for summary judgment on his first cause of action.

Ordered that the order is modified, on the law, by deleting therefrom those provisions which granted summary judgment to the defendants on the plaintiff's first, second, third, and fourth causes of action, and substituting therefor a provision denying those branches of the defendants' motions which were for summary judgment dismissing those causes of action and reinstating those causes of action; as so modified, the order is affirmed, insofar as appealed from, without costs or disbursements.

The plaintiff, a farrier, had his credentials revoked by the defendant New York Racing Association (hereinafter NYRA) in 1988 after he was discovered in possession of a weapon in the barn area of Belmont Race Track. The plaintiff commenced a CPLR article 78 proceeding challenging the NYRA's

determination and the Supreme Court, Queens County, dismissed the petition.

The plaintiff then appealed to this Court, and on April 4, 1988, this Court issued a stay of the NYRA's determination pending determination of the appeal. On January 30, 1989, this Court affirmed the Supreme Court's dismissal of the CPLR article 78 proceeding *(see, Matter of Murphy v New York Racing Assn.,* 146 AD2d 778). The plaintiff's counsel was served with a copy of the court's order on February 9, 1989. On February 11, 1989, the NYRA delivered to the plaintiff a letter and trespass notice instructing him to vacate the NYRA's premises and advising him that he would be subject to arrest if he attempted to return. Thereafter, on February 16, 1989, the plaintiff moved in this Court for leave to reargue the appeal, or alternatively, for leave to appeal to the Court of Appeals, and he informed the NYRA that the stay remained in effect until the determination of that motion. The NYRA cross-moved for a declaration that the January 30, 1989, order served to vacate the stay. The next day, the plaintiff entered the barn area of Belmont Race Track and was arrested by a peace officer employed by the NYRA. The NYRA called the defendant Nassau County Police Department, who transported the plaintiff to the Fifth Precinct and processed the arrest.

On March 20, 1989, this Court, *inter alia,* denied the plaintiff's motion for leave to reargue or appeal, denied the NYRA's cross motion to declare that the stay was vacated by its decision and order dated January 30, 1989, and thereupon vacated the stay forthwith. The criminal charges against the plaintiff were subsequently dismissed by the District Court, Nassau County, on the ground that the stay was in effect at the time of his arrest. The plaintiff then commenced the instant action to recover damages for false arrest, malicious prosecution, and intentional infliction of emotional distress.

The Supreme Court granted the defendants' respective motions for summary judgment, finding that the stay issued by this Court was made pursuant to CPLR 7805 and was no longer in effect at the time of the plaintiff's arrest. Accordingly, the court found that the NYRA was not prohibited from arresting the plaintiff and dismissed the action.

The April 4, 1988, stay issued by this Court remained in effect for at least five days after the plaintiff was served with the order of affirmance and was not vacated until this Court's order of March 20, 1989, which denied the plaintiff's motion for leave to appeal *(see,* CPLR 5519 [e]). A stay issued pursu-

ant to CPLR 7805 is governed by the general provisions of CPLR 5519 (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7805:1, at 629). Thus, the Supreme Court erred in finding that the stay was no longer in effect at the time of the plaintiff's arrest. Moreover, we find that there are questions of fact with respect to the plaintiff's claims for false arrest and malicious prosecution which preclude summary judgment, such as whether the defendant's actions were reasonable under the circumstances and whether the plaintiff invited his own arrest (see, Broughton v State of New York, 37 NY2d 451, cert denied sub nom. Schanbarger v Kellogg, 423 US 929; Smith v County of Nassau, 34 NY2d 18).

However, we do find that the plaintiff's claim for intentional infliction of emotional distress was properly dismissed. The tort of intentional infliction of emotional distress predicates liability on the basis of extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society (see, Freihofer v Hearst Corp., 65 NY2d 135, 143; Fischer v Maloney, 43 NY2d 553, 557). The facts alleged here fail to meet this standard (see, Freihofer v Hearst Corp., supra; Fischer v Maloney, supra). Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.