■ ATEF HASSAN, Respondent, v MARRIOTT CORPORATION et al., Appellants. HASHEM KHATIBI, Respondent, v MARRIOTT CORPORATION et al., Appellants. [663 NYS2d 558] —Order, Supreme Court, New York County (Carol Arber, J.), entered on or about November 25, 1996, which, *inter alia*, denied defendants' motion for partial summary judgment, unanimously modified, on the law, to the extent of granting defendants' mo-

tion to dismiss the second cause of action as against all defendants except Mike Domingus, and to dismiss the third and fourth causes of action in their entirety, and otherwise affirmed, without costs.

Summary judgment dismissing the first and fifth causes of action, for false imprisonment and malicious prosecution, respectively, was properly denied. Plaintiffs' statements, that they had permission to borrow the equipment, raised issues of fact as to the nature of the initial appropriation of the items and as to the basis of their refusal to return the items when asked to do so. Further, the allegations in the complaint as supported by the affidavits and deposition testimony provided by plaintiffs, raised another issue with respect to the existence of actual malice on the part of defendants (*see, Martin v City of Albany*, 42 NY2d 13, 17-19). Furthermore, defendants' proof on the motion failed to sufficiently defeat plaintiffs' claim for false imprisonment so as to warrant summary judgment (*Broughton v State of New York*, 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929).

Defendants other than Domingus were entitled to summary judgment dismissing the second cause of action. To maintain a cause of action for battery, plaintiffs must prove bodily contact, with intent that was offensive in nature (*Laurie Marie M. v Jeffrey T. M.*, 159 AD2d 52, 55, *affd* 77 NY2d 981). While physical injury need not be present for an assault, there must be conduct that places the plaintiff in imminent apprehension of harmful contact (*Hayes v Schultz*, 150 AD2d 522, 523). There is no proof submitted by plaintiffs that anyone other than defendant Domingus touched their persons or placed them in imminent apprehension of harmful or offensive contact.

Defendants were entitled to summary judgment dismissing the third and fourth causes of action. At best, plaintiffs' third and fourth causes of action can be construed as alleging that defendant Marriott's negligent hiring and supervision of its employees resulted in plaintiffs' arrest and in the wrongful termination of their employment. It is well settled that there is no statutory or common law cause of action in tort for abusive or wrongful discharge of an at will employee (*Murphy v American Home Prods. Corp.*, 58 NY2d 293). Plaintiffs' complaint fails to allege that an employment contract existed or that they were terminated for a constitutionally impermissible purpose. The third and fourth causes of action cannot stand if construed as alleging claims for intentional infliction of emotional distress by defendants' employees, since the conduct alleged falls far short of the outrageous and extreme conduct required to

sustain such a cause of action (*Murphy v American Home Prods. Corp., supra*, at 303). Furthermore, these causes of action fail to the extent that they can be viewed as alleging claims for negligent hiring, retention and supervision, since plaintiffs failed to allege in the complaint or otherwise set forth any facts tending to show that Marriott or its management had notice of improper conduct by the individual defendants (*see, Ranieri v Lawlor*, 211 AD2d 601, 602).

We have reviewed appellants' other contentions and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Ellerin, Rubin and Tom, JJ.