**Dana Clarence PAWLICKI, Plaintiff,**

**v.**

**CITY OF ITHACA, Harlen McEwen, Chief of Police; Scott Weston, Police Officer, Defendants.**

**No. 95–CV–1571 (FJS).**

United States District Court, N.D. New York.

Feb. 9, 1998.

Dana Clarence Pawlicki, Columbus, OH, pro se.

Sugarman, Wallace, Manheim & Schoenwald (Donald L. Schoenwald, Lauren M. Mumford, of Counsel), Syracuse, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

This is a pro se action brought by the Plaintiff, Dana C. Pawlicki, arising out of his misdemeanor arrest for Fourth Degree Criminal Mischief by the Defendant Scott Weston.[1] Plaintiff originally alleged constitutional claims for false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983 in addition to state law claims alleging negligence, false arrest, malicious abuse of process, intentional infliction of emotional distress, and assault. In a previous Memorandum–Decision and Order, the Court granted summary judgment to the Defendants on Plaintiff's federal causes of action. *See Pawlicki v. City of Ithaca*, 95–CV–1571, 1996 WL 705785 (N.D.N.Y., Dec.5, 1996). Presently before the Court is a motion for summary judgment brought by the Defendants pursuant to Rule 56 of the Federal

---

1. Plaintiff, now an attorney, was a law student at the time of the incidents in question and the filing of this lawsuit.

Rules of Civil Procedure on the Plaintiff's remaining state causes of action. Also before the Court is a cross-motion by the Plaintiff to compel discovery and for sanctions.

## Factual Background

On May 5, 1995, Plaintiff, then a law student, was walking in a crosswalk near Cornell University when he was struck by a motor vehicle which subsequently left the scene. The incident was investigated by the Ithaca Police Department, specifically the Defendant Officer Scott Weston. In his investigation of the incident, Officer Weston uncovered two vastly different versions of the accident: one advanced by the Plaintiff and some of his acquaintances who were at the scene, and the other advanced by the driver and two female occupants of the car. Based on these competing stories, Officer Weston decided that the version of events described by the driver and two occupants of the car was more credible than the Plaintiff's version of the accident. Officer Weston issued the driver of the car a traffic citation, and then arrested and subsequently prosecuted the Plaintiff for a misdemeanor, fourth degree criminal mischief, for allegedly swinging a bag of beer bottles and hitting the driver's car causing body damage to the hood of the car. Plaintiff's arrest and prosecution is the factual source of his various state claims alleged against Officer Weston and the City of Ithaca.

Following his arrest, Plaintiff was detained for approximately three hours until bail was posted. The Plaintiff's criminal action was eventually resolved when the Plaintiff accepted an Adjournment in Contemplation of Dismissal ("ACD"), conditional upon his payment of $508.31 restitution to the driver of the car. Plaintiff subsequently brought an action in state court against the driver and owner of the car which allegedly struck him alleging negligence, battery, malicious prosecution, intentional infliction of emotional distress, libel, and slander. In a Decision an Order issued on May 16, 1996, County Judge M. John Sherman dismissed each of Plaintiff's claims, with the exception of battery, for failure to state a claim. *See Pawlicki v.*
*Karen Wu*, No. 96–0094 (Thompkins Cty Court, May 16, 1996).

## Discussion

### I. DEFENDANTS' SUMMARY JUDGMENT MOTION

Under Rule 56(c), summary judgment is warranted if, when viewing the evidence in a light most favorable to the non-movant, the court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Eastman Kodak Co. v. Image Technical Servs., Inc.,* 504 U.S. 451, 457, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992); *Commander Oil v. Advance Food Serv. Equip.,* 991 F.2d 49, 51 (2d Cir.1993). To survive a motion for summary judgment the non-movant must do more than present evidence that is merely colorable, conclusory, or speculative. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-movant must offer evidence that demonstrates that there are issues of fact that must be decided by a fact finder because "they may reasonably be decided in favor of either party." *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990). Thus, the Court will examine the Plaintiffs' remaining claims pursuant to this standard.

#### A. Negligence

 Plaintiff has made multiple negligence claims against Defendant Officer Weston and unnamed Officer "Y" for arresting the Plaintiff without probable cause, in addition to a claim for negligence against the City of Ithaca for failing to train and supervise these officers. However, case law is clear that under New York Law a negligence action on these facts cannot be maintained. Where the negligence alleged is based upon an arrest, a plaintiff must resort to the traditional remedies of false imprisonment and malicious prosecution and cannot recover under the broader principles of negligence. *See Shea v. County of Erie,* 202 A.D.2d 1028, 1028, 609 N.Y.S.2d 473, 474 (4th Dep't 1994); *Boose v. City of Rochester,* 71 A.D.2d 59, 421 N.Y.S.2d 740, 744 (4th Dep't 1979); *Remley v. State of New York,* 174 Misc.2d 523, 665 N.Y.S.2d 1005 (N.Y.Ct.Cl.1997). According-

ly, Plaintiff's negligence claims on these facts must be dismissed.

### B. Malicious Abuse of Process/False Arrest

■ Plaintiff also alleges claims for false arrest, false imprisonment, and malicious abuse of process. Because the gravamen of the Plaintiff's allegations is that the Defendant filed a criminal information against him without probable cause, the Court will consider Plaintiff's claims to be for malicious prosecution[2] and false arrest.

■ Both constitutional and common law malicious prosecution require a plaintiff to allege and prove that the prosecution of the underlying criminal case terminated in some manner indicating that the person was not guilty of the offense charged. See Singleton v. City of New York, 632 F.2d 185, 194–95 (2d Cir.1980). The Court previously dismissed the Plaintiff's constitutional malicious prosecution claim because the Plaintiff did not receive a favorable termination of the underlying criminal charge. See Pawlicki, 1996 WL 705785 at *1. Plaintiff's state law malicious prosecution must be dismissed for the same reason. See Malanga v. Sears, Roebuck & Co., 109 A.D.2d 1054, 1054–55, 487 N.Y.S.2d 194, 195–96 (4th Dep't 1985) (citing Hollender v. Trump Vill. Coop., Inc., 58 N.Y.2d 420, 423, 461 N.Y.S.2d 765, 448 N.E.2d 432 (1983)(holding that an ACD is not a favorable termination)).

■ Plaintiff's false arrest claim[3] stems from his brief detention at the Ithaca police station following his arrest on the aforementioned misdemeanor charge. In order to maintain an action for false arrest, the plaintiff must show (1) that the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. See Broughton v. State of New York, 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87, 335 N.E.2d 310 (1975). When an unlawful arrest is made pursuant to a valid warrant issued by the Court, a false arrest claim will not lie, and the appropriate form of action is malicious prosecution. See id. In cases where an arrest was made without a warrant, the defendant may establish that the arrest was otherwise justified when it was based on probable cause. See id. at 458, 373 N.Y.S.2d 87, 335 N.E.2d 310. Where probable cause exists, the motives of the defendant are irrelevant to the question of liability. See id. at 458–59, 373 N.Y.S.2d 87, 335 N.E.2d 310. Generally, probable cause exists where an officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed a crime. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir.1996).

■ Here, Officer Weston was presented with two groups of witnesses who gave competing versions of the events in question. Plaintiff gave his version to Officer Weston at the scene of the accident claiming that a car full of young women struck him as he was crossing a cross walk. Despite having no visible injuries, Plaintiff and two of his friends claimed that Plaintiff was struck with such force that he was flung up on the hood of the car and a bag of bottles he was carrying broke on the hood of the car. Plaintiff claimed that the car then sped out of the intersection. Upon interviewing the driver and passengers of the car, Officer

---

**2.** The Court notes that the Plaintiff styles this claim as "malicious abuse of process," rather than "malicious prosecution." While New York law recognizes each as a distinct claim, they are mutually exclusive of each other. See Bd. of Educ. of Farmingdale Union Free Sch. Dist. v. Farmingdale Classroom Teacher's Assoc. Inc., 38 N.Y.2d 397, 400, 380 N.Y.S.2d 635, 343 N.E.2d 278 (1975). Abuse of process is simply causing legal process to issue lawfully to accomplish some unjustified purpose, whereas malicious prosecution is maliciously causing process to issue unlawfully. See id.

**3.** Plaintiff's constitutional false arrest claim was also dismissed in the Court's previous decision based on Roesch v. Otarola, 980 F.2d 850 (2d Cir.1992)(holding that favorable termination is a necessary element of a constitutional false arrest claim). See Pawlicki, 1996 WL 705785 at *2, However, recent Second Circuit case law has distinguished the reasoning of Roesch to the extent that the Court must revisit the Plaintiff's false arrest claim. See Weyant v. Okst, 101 F.3d 845, 853 (2d Cir.1996).

Weston received a different account of the events in question. The driver Karen Wu averred that upon approaching the cross walk in question she observed four males including the Plaintiff entering the cross walk. She wrongly assumed the males were going to yield to her, and as she proceeded through the intersection the Plaintiff jumped in front of car, bracing his hands on the front of the car. Ms. Wu alleges the Plaintiff then swung a bag of bottles at the car, putting a dent in the hood. She further stated that Plaintiff's acquaintances then surrounded the car and began shouting obscenities at her and the two female passengers in the car. Ms. Wu claims she feared for her safety which is why she left the intersection. The statements collected by Officer Weston from the passengers in the car corroborated Ms. Wu's story. Officer Weston inspected the car and noted three dents in the hood.

Generally, where facts are undisputed the question of probable cause is a question of law. *See id.* at 852. Here, while the precise facts of the underlying incident are hotly in dispute, the facts available to Officer Weston in making his decision to arrest the Plaintiff are undisputed. In such cases, probable cause may be decided as a matter of law. *See Kruppenbacher v. Mazzeo,* 744 F.Supp. 402, 407 (N.D.N.Y.1990), *Collom v. Village of Freeport,* 691 F.Supp. 637, 640 (E.D.N.Y.1988); *Coleman v. City of New York,* 182 A.D.2d 200, 203–04, 588 N.Y.S.2d 539, 542 (1st Dep't 1992); *Kramer v. City of New York,* 173 A.D.2d 155, 156, 569 N.Y.S.2d 67, 68–69 (1st Dep't 1991). Even when an arresting officer is faced with competing accounts from different eyewitnesses, an officer is entitled to make an arrest based on believing the testimony of one side or the other, as long as there is eyewitness testimony to support every element of the offense. *See id., Collom,* 691 F.Supp. at 640, *Kramer,* 173 A.D.2d 155–56, 569 N.Y.S.2d 67.

Here, Officer Weston was faced with a difficult situation because the two competing groups of eyewitness accounts implicated either the Plaintiff or Karen Wu in criminal conduct. Nevertheless, the statements provided by Karen Wu and the passengers in her car provided sworn testimony implicating the Plaintiff on each the elements of Criminal Mischief in the Fourth Degree. Accordingly, Officer Weston was entitled to rely on this testimony as probable cause to file a criminal information and arrest the Plaintiff. *See Kruppenbacher,* 744 F.Supp. at 407; *Collom,* 691 F.Supp. at 640; *Kramer,* 173 A.D.2d 155–56, 569 N.Y.S.2d 67. Thus, Plaintiff's false arrest claims must be dismissed.

### C. Assault

Plaintiff's common law claims of assault are based on allegations of "verbal abuse" and threatening conduct by Officer Weston. Plaintiff alleges that after he was arrested at the Ithaca Police Station, he was directed to move his car from a police department lot to another lot nearby. Plaintiff alleges that Officer Weston followed him outside and while he was getting into his car Officer Weston placed his hand on his gun belt several times and exclaimed "If you try to leave, I will hunt you down." (Compl. at ¶ 27). In order to maintain an action for assault in New York, a plaintiff must prove that the defendant's conduct placed the plaintiff in imminent apprehension of harmful or offensive contact. *See Hassan v. Marriott Corp.,* 663 N.Y.S.2d 558 (1st Dept.1997); *Hayes v. Schultz,* 150 A.D.2d 522, 523, 541 N.Y.S.2d 115 (2d Dep't 1989). The Court finds that Plaintiff's allegations, even if true, fail to state a claim for assault because no reasonable juror could find that Officer Weston's comments conveyed an imminent or reasonable threat of harmful contact. *See Carroll v. New York Property Insurance Underwriting Association,* 88 A.D.2d 527, 450 N.Y.S.2d 21, 22 (1st Dep't 1982) (holding that a threat alone cannot constitute an assault).

### D. Intentional Infliction of Emotional Distress

Finally, Plaintiff alleges that his arrest, his three hour detention, and the "verbal abuse" that he suffered at the hands of Officer Weston was extreme, outrageous, and unjustified and therefore constituted intentional infliction of emotional distress.

In order to support a claim for intentional infliction of emotional distress ("IIED"), plaintiff must plead and prove con-

duct which is so extreme and outrageous that it "transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society." *Shapiro v. County of Nassau*, 202 A.D.2d 358, 609 N.Y.S.2d 234, 235 (1st Dep't 1994) (citing *Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 143, 490 N.Y.S.2d 735, 480 N.E.2d 349 (1985)). New York courts routinely grant summary judgment on IIED claims premised on arrests which do not present facts that rise to this rigorous standard. *See id., Murphy v. County of Nassau*, 203 A.D.2d 339, 341, 609 N.Y.S.2d 940, 941 (2d Dep't 1994); *Malanga v. Sears, Roebuck & Co.*, 109 A.D.2d 1054, 1055, 487 N.Y.S.2d 194, 195 (4th Dep't 1985); *Russo v. Village of Port Chester*, 198 A.D.2d 408, 603 N.Y.S.2d 582; *see also Willner v. Town of Hempstead*, 977 F.Supp. 182, 195 (E.D.N.Y.1997); *Collom*, 691 F.Supp. at 641. As stated, the Court finds that the Plaintiff's arrest itself was lawful, and thus cannot be the basis of an IIED claim. Furthermore, the smattering of arguably discourteous behavior on the part of the police officers involved, even it true, clearly does not rise to the level of conduct even approaching the atrocity required for an actionable IIED claim. *See e.g. Moye v. Gary*, 595 F.Supp. 738, 739–40 (S.D.N.Y.1984); *Kovich v. Manhattan Life Ins. Co.*, 640 F.Supp. 134, 135–36 (S.D.N.Y. 1986); *Brink's Inc. v. City of New York*, 533 F.Supp. 1123, 1125 (S.D.N.Y.1982); *Navarro v. Fed. Paper Board Co.*, 185 A.D.2d 590, 591, 593–94, 586 N.Y.S.2d 381, 382, 384 (3rd Dep't 1992); *Leibowitz v. Bank of Leumi Trust Co. of New York*, 152 A.D.2d 169, 181–82, 548 N.Y.S.2d 513, 521 (2d Dep't 1989). Accordingly, Plaintiff's IIED claim is dismissed.

### Conclusion

The Court having considered the arguments of the parties, the entire record, and the applicable law, finds that the Defendants are entitled to summary judgment for the foregoing reasons. Therefore, it is hereby

ORDERED that the Defendants' motion for summary judgment is GRANTED as to Plaintiff's remaining claims and Plaintiff's cross-motion to compel and for sanctions is DENIED as moot. It is further

ORDERED that the Plaintiff's complaint is DISMISSED in its entirety.

**IT IS SO ORDERED.**