OPINION OF THE COURT
Phillip R. Rumsey, J.
This CPLR article 78 petition — in which the petitioners sought, inter alia, an order revoking a subdivision approval granted by the Town of Ithaca Planning Board — was dismissed by this court by judgment entered January 25, 1999. On February 17, 1999, petitioners filed a notice of appeal to the Appellate Division. Respondent Cornell University then moved in the Appellate Division for an order declaring that the automatic stay created by Town Law § 282[1] was no longer in effect, or, alternatively, lifting or modifying that stay so as to allow the Town to issue a building permit for certain preliminary site preparation and foundation work.[2] The University’s concomitant request for an expedited hearing of petitioner’s appeal was granted, but the motion relating to the stay was denied, without opinion.
The appeal was subsequently decided in respondents’ favor, by order dated July 29, 1999, and on August 2, 1999, petitioners filed a motion for leave to appeal to the Court of Appeals. The University now moves this court, by order to show cause, for a declaration that the section 282 stay is no longer in effect, or, in the alternative, for an order vacating or modifying that stay pursuant to CPLR 5519 (c), so as to permit the issúance of a limited building permit. Respondent Ithaca City School District supports Cornell’s position; the Town and petitioners oppose the relief sought, on various grounds.
At the outset, it must be noted that this postjudgment motion does not provide a proper context for the issuance of a declaratory ruling regarding the applicability or duration of the section 282 stay, per se; the proper procedural forum in which to lodge such a request would be a declaratory judgment action, or an article 78 proceeding in the nature of mandamus *934 to compel the Town to issue a building permit. Nevertheless, to the extent that the absence of any stay would render the remainder of the motion — which seeks to lift, vacate or modify any stay that is in effect — moot, the same issues must be considered by the court in the course of addressing that latter request (which may, in an appropriate case, be made in the court of original jurisdiction [see, CPLR 5519 (c)], even after final judgment).
Petitioners, and the Town, take the position that the stay imposed by Town Law § 282 remains in effect until all judicial proceedings are complete, that is, until all appeals have been exhausted. The statute is admittedly silent with respect to the duration of the stay, but several factors militate in favor of a more limited construction. As was pointed out at oral argument, the stay is imposed automatically, without any requirement that a bond or undertaking be posted by the parties receiving its benefit; in “exchange” for this extraordinary relief, those contesting the approval are required to commence judicial proceedings within a very brief (30-day) limitations period. This trade off strikes a reasonable balance between the interests of the party that sought and received the subdivision approval, and those of its challengers, given the circumstances typically prevailing when a subdivision is initially approved, and a court challenge mounted.
Once that proceeding has progressed to a final judgment in favor of the subdivider and the municipality, however, the equities have shifted dramatically in several respects. Perhaps most significantly, the challengers’ arguments have been reviewed and rejected by an independent judicial tribunal, rendering it substantially less likely that they will ultimately prevail. Given the existence of a comprehensive statutory framework specifically designed to afford appropriate relief in this situation (see, CPLR 5518, 5519), and the absence of any clear legislative expression to the contrary, the court finds no basis for continuing to afford the petitioners the extraordinary benefit of an automatic, “free” stay, without any consideration of the harm that may befall the subdivider (who has, after all, prevailed in the trial court), during the potentially lengthy time necessary to prosecute an appeal.
Moreover, to interpret the section 282 stay as petitioners suggest would result in either a stay that terminates upon entry of final judgment by the trial court, then “springs back” into existence upon the filing of a notice of appeal (leaving a window during which, presumably, the applicant could obtain *935 a building permit and commence construction, possibly obviating the benefit of a “revived” stay), or one that continues, unabated, until the time for taking an appeal has passed, thus delaying any action on the subdivision for an additional 30-day period after the petition is dismissed, even when no appeal ensues. The court is doubtful that the Legislature intended either of these outcomes.
Consequently, it seems more reasonable to conclude that the automatic stay created by section 282 remains in existence only until a final judgment is rendered by the nisi prius court, and that after such judgment is entered (thus terminating the CPLR article 78 proceeding, which is referred to in Town Law § 282 as an “appeal” from the subdivision approval), the aggrieved party must seek temporary relief — if it is deemed necessary — pursuant to the sections of the CPLR that explicitly govern the availability of stays, and other preliminary relief, pending appeal of court orders and judgments.
Inasmuch as the present case does not fall within the scope of CPLR 5519 (a) or (b), and no preliminary relief was obtained at any time pursuant to CPLR 5518 or 5519 (c), there is presently no stay in place that this court can modify or vacate, whether pursuant to CPLR 5519 (c), or by exercise of its own “inherent power” (cf., Schwartz v New York City Hous. Auth., 219 AD2d 47, 48).[3] Consequently, the present motion, to the extent that it seeks modification or vacatur of a pending stay, must be denied as moot.

. That statute provides that upon commencement of a court proceeding challenging a subdivision approval, all further proceedings upon that approval are automatically stayed.

. The Town had evidently refused to issue a permit, taking the position that the section 282 stay remained in effect until the entire court process, including all appeals, had been concluded.

. Even if the “extension” provision of CPLR 5519 (e) were to be held applicable to the Town Law § 282 stay (see generally, Murphy v County of Nassau, 203 AD2d 339, 340-341 [CPLR 5519 (e) applies to stay issued pursuant to CPLR 7805, where stay was first granted while appeal was pending in Appellate Division]), so as to extend that stay for a five-day period after service of a trial court’s final judgment, petitioners have not demonstrated that they filed their appeal to the Appellate Division within that five-day window, such that the stay would have continued thereafter. There being no stay in existence when the Appellate Division issued its order, CPLR 5519 (e) could be of no assistance thereafter.