# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**388**
**CA 16-01150**
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

JACQUELINE FLEMING, PLAINTIFF-APPELLANT,

           V                MEMORANDUM AND ORDER

EARNSTEIN SANGSTER, DEFENDANT-RESPONDENT.

---

LOUIS ROSADO, BUFFALO, FOR PLAINTIFF-APPELLANT.

RAMOS & RAMOS, BUFFALO (JOSHUA I. RAMOS OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

    Appeal from an order of the Supreme Court, Erie County (Frederick
J. Marshall, J.), entered October 1, 2015.  The order, among other
things, granted defendant's motion for summary judgment dismissing the
third amended complaint.

    It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

    Memorandum:  In this litigation arising from a longstanding
acrimonious relationship between neighbors, plaintiff appeals from an
order that, inter alia, granted defendant's motion for summary
judgment dismissing the third amended complaint.  Contrary to
plaintiff's contention, Supreme Court properly granted defendant's
motion insofar as it sought dismissal of the cause of action for
malicious prosecution.  The record establishes that no judicial
proceedings were commenced as a result of defendant's complaints to
various agencies in July 2010 (*see generally Broughton v State of New
York*, 37 NY2d 451, 457, *cert denied* 423 US 929).  With respect to
defendant's complaint to the police in August 2011, which accused
plaintiff of violating a previously-issued order of protection and
which resulted in a criminal proceeding, defendant established that
she merely reported the purported violations to the police and did not
"play[ ] an active role in the prosecution, such as giving advice and
encouragement or importuning the authorities to act" (*Viza v Town of
Greece*, 94 AD2d 965, 966, *appeal dismissed* 64 NY2d 776; *see Moorhouse
v Standard, N.Y.*, 124 AD3d 1, 7; *Quigley v City of Auburn*, 267 AD2d
978, 979), and that there was probable cause to believe that plaintiff
had committed criminal contempt (*see Shapiro v County of Nassau*, 202
AD2d 358, 358, *lv denied* 83 NY2d 760; *see generally Colon v City of
New York*, 60 NY2d 78, 82, *rearg denied* 61 NY2d 670).  Plaintiff failed
to raise a triable issue of fact in opposition (*see generally
Zuckerman v City of New York*, 49 NY2d 557, 562).

We agree with defendant that the court properly granted that part of her motion seeking dismissal of the cause of action alleging false arrest and imprisonment inasmuch as plaintiff first alleged that cause of action in an amended complaint after expiration of the one-year statute of limitations (*see* CPLR 215 [3]; *Coleman v Worster*, 140 AD3d 1002, 1004).

We have considered plaintiff's remaining contentions, including those concerning the dismissal of the remaining causes of action and the denial of her cross motion for partial summary judgment, and we conclude that they are without merit.

Entered:  March 31, 2017                          Frances E. Cafarell
                                                  Clerk of the Court