Gann v City of New York (2021 NY Slip Op 05080)





Gann v City of New York


2021 NY Slip Op 05080


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Webber, J.P., Mazzarelli, Scarpulla, Pitt, JJ. 


Index No. 151816/14 Appeal No. 14192 Case No. 2021-00516 

[*1]Michael Gann, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.


David J. Hernandez & Associates, Brooklyn (David J. Hernandez of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Claibourne Henry of counsel), for respondents.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered March 9, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the unlawful arrest and imprisonment and malicious prosecution claims, unanimously affirmed, without costs.
This appeal stems from plaintiff's arrest and prosecution for menacing in the second degree (Penal Law § 120.14). According to the testimony of the police officers involved in the arrest, a group of pedestrians flagged down the officers to report that plaintiff had threatened them with a knife. Upon approaching plaintiff, the officers observed him holding what appeared to be a knife but later proved to be a pair of needle-nose pliers. A known witness also identified plaintiff as the person who told the group he was going to kill them. Plaintiff allegedly made this statement while waving or making jabbing motions with the instrument. Plaintiff was subsequently acquitted at trial and thereafter commenced action against the City of New York, et al., alleging, inter alia, unlawful arrest and imprisonment and malicious prosecution. Supreme Court granted defendants' motion for summary judgment dismissing the complaint, finding there existed probable cause to arrest plaintiff. The showing of probable cause to arrest is a complete defense to an unlawful arrest and imprisonment claim (see Veloz v City of New York, 161 AD3d 668, 668 [1st Dept 2018]; see also Penal Law § 120.14[1]; People v Espada, 94 AD3d 451, 452 [1st Dept 2012], lv denied 19 NY3d 1025 [2012]). Such a showing is also a complete defense to a claim for malicious prosecution where no subsequent exculpatory facts are discovered (see Flavin v City of New York, 171 AD3d 633, 634 [1st Dept 2019]).
Here, the officers were in possession of information sufficient to a support a reasonable belief that an offense had been committed and that plaintiff had committed that offense (see Marrero v City of New York, 33 AD3d 556, 557 [1st Dept 2006]). This information included statements made by a known witness to the alleged incident (Kramer v City of New York, 173 AD2d 155, 156 [1st Dept 1991], lv denied 78 NY2d 857 [1991]). Contrary to plaintiff's contentions, there were "no materially impeaching circumstances" surrounding the officers' testimony to raise an issue of fact as to whether probable cause for the arrest existed (Davis v City of New York, 160 AD3d 604, 605 [1st Dept 2018], lv denied 32 NY3d 903 [2018] [internal quotations marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021