Butler v City of New York (2021 NY Slip Op 05810)





Butler v City of New York


2021 NY Slip Op 05810


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Gische, J.P., Webber, Mazzarelli, Shulman, Pitt, JJ. 


Index No. 157325/14 Appeal No. 14500 Case No. 2020-04547 

[*1]Catherine Butler, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.


Andrew F. Plasse & Associates LLC, Flushing (Andrew F. Plasse of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Amy McCamphill of counsel), for respondent.



Order, Supreme Court, New York County (Laurence L. Love, J.), entered on or about July 10, 2020, which granted defendant's motion for summary judgment dismissing the causes of action for assault and battery, unanimously reversed, on the law, without costs, and the motion denied.
Defendant's motion for summary judgment failed to show the absence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).
Plaintiff's remaining causes of action sounded in assault and battery, and not negligence. Therefore, the question was not whether the police owed plaintiff a special duty (see Valdez v City of New York, 18 NY3d 69 [2011]; Devivo v Adeyemo, 70 AD3d 587 [1st Dept 2010]), but whether the force used against her was more than necessary under the circumstances (see Jones v State of New York, 33 NY2d 275, 280 [1973]; Disla v City of NY, 117 AD3d 617, 618 [1st Dept 2014]; see generally Torres-Cuestra v Berberich, 551 Fed Appx 89 [2d Cir 2013]). Plaintiff's deposition testimony concerning the police officers' conduct toward her supported the elements of a claim for assault and battery (see Charkhy v Altman, 252 AD2d 413, 414 [1st Dept 1998]; Hassan v Marriott Corp., 243 AD2d 406 [1st Dept 1997]). While defendants did not specifically recall interacting with plaintiff, they described a situation where they were disbursing a large crowd that was gathering around three different fights going on at the same time. Defendants do not dispute that plaintiff may have been pushed or shoved during the course of that incident. "Because of its intensely factual nature, the question of whether the use of force was reasonable under the circumstances is generally best left for a jury to decide" (Holland v City of Poughkeepsie, 90 AD3d 841, 844 [2d Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021